Hemphill, O. J.
In this case the defendant in the court below came in limine litis, and without filing an answer pleaded in abatement of the suit or process on two grounds:
1st. That it was not properly tested, and
2d. That it was not served on him five days before the commencement of the term of the court.
This, as a plea in abatement, was insufficient without the oath of the defendant. The 9th sec. of the act to regulate proceedings in civil suits, 4 Laws of Texas, p. 88, provides that no plea in abatement shall be admitted or received unless the party offering the same shall prove the truth thereof by oath or affirmation. Under the common law it is not necessary to support the truth of a plea in abatement by affidavit, and under the statute of Ann, an oath is required only in re *(75) lation to matters dehors tbe record, and not to such as will appear to the court on inspection of their own proceedings. But the rule established bj the above statute (which is now repealed) admitted of no exception whatsoever, and although the truth of the matters objected to in the plea of the defendant would appear from an inspection of the record, yet that did not relieve the party from compliance with the requisition of the law to support his plea by affidavit. It was, however, the privilege of the plaintiff to waive all exception to defects in the plea, and it does not appear from the record that any objection was made to this plea, although not supported by oath as required by1 law.
There is no entry of any exception to its admission, of' any refusal on the part of the court to take it into consideration, or order for its rejection; on the contrary, a part of the judgment of the court is, that the exceptions made “ to the service of the writ of citation having been overruled, and the defendant still failing to appear,” etc. To be received and considered were necessary preliminaries to the exceptions being overruled, and we must therefore consider the plea as having been before the lower, courts, and its action thereon is now brought up for review.
The only portion of the plea which we regard as resting on any solid ground is that in which it is averred that he is not bound to answer, because no citation or copy of the petition was served on him five days before the commencement of the term of the court. The provision of law by which the question raised by the defendant in the court below is to be decided is found in the latter clause of the 7th see. of the act establishing the jurisdiction and powers of the district court, approved December 22, 1836, 1 Laws of Texas, p. 201, which is in the following terms, viz.: “And all original process and all subsequent process-issued thereon shall be returnable on the first day of the term next succeeding after the issuing of such process, and shall be executed at least five days before the return day thereof.”
It is admitted that the service of the citation was made on Wednesday, and • that the Monday succeeding was the first day of the next term of the court, but it is contended that according to the legal mode of computing time (that is to include one of the named days and exclude the other), the day of service ought to be considered inclusive and constituting one of the five days which are required to intervene between the service and the return of the writ. The day of the return is to be excluded in the consideration of this question, as the *(76) defined period of five days must expire before the commencement of that day.
The proposition to be determined is, whether five full days must intervene between the service and the return of the citation, or whether the day of service may be regarded and enumerated as one of these days, and as forming a unit in the time to be computed.
The clause under consideration differs in its phraseology in one particular from the cases which I have been enabled to examine. In most of them the limitation of time was so many days after an act done or an event; here it is so many days before an event. But this is a distinction without a difference, as it yrill be shown hereafter that in all cases' where computation of time comes in question, technical constructions of particular phrases are disregarded and the intention of the parties is sought out and made effectual.
In the earlier cases many distinctions were drawn by the English judges, as to the proper construction of the terms, “from the date,” “the day of the date,” an “act done,” “the making,” etc.
These cases were all examined by Lord Mansfield in Pugh v. the Duke of Leeds, Cowp. 714, and it was shown that for a considerable period it was ruled that the phrase “ from the date ” of an instrument was inclusive of the day on which it was made; and “from the day of the date” was exclusive of that day. Afterwards, and for another considerable period it was decided that they both meant precisely the' same thing, and both were exclusive; that finally the common sense of mankind revolted at this doctrine and again arose a conflict of decisions as to the meaning of these expressions, and whether one should be regarded as inclusive and the other exclusive.
The inconsistency and absurdity of these decisions extending over two hundred and fifty years were commented on and the true rule laid down for the computation, viz.: that the terms used should be construed to be inclusive or exclusive, according to the context or subject matter; that the parties necessarily understand and use language in that sense which would make their deeds effectual; that courts of justice must construe the words of parties so as to effectuate their deeds and not destroy them; and that for courts of justice to determine words against the generally received sense and acceptation of the words themselves is laying a snare to entrap mankind. Hence the intention is made the governing principle, and this being ascertained from the context or the subject matter must be enforced, and ought not to be defeated by frivolous distinctions or niceties of grammatical construction. In the decision of the case the words “ from the day of *(77) the date ” were construed to be inclusive of the day on which the deed was made; and this construction was adopted in order to give effect to the intention of parties, although it was in opposition to the mass and weight of authorities for centuries.
Reviewing some of the cases that have been, since decided, we find that the case of the King v. Adderly, Douglass, 462, was upon a motion for a supersedeas upon an attachment against a former sheriff for not returning a writ.
The statute provided that no sheriff should be liable to be called upon to make a returp of any writ or process unless he be required to do so within six months after the expiration of his office. On the question of whether the day of quitting the office should be included as included in the six months, or excluded, the court at first were of the opinion that the day on which the sheriff left the office should be excluded, as the sheriff might be called on to act on that day; but afterwards considering that the statute was made for the case of sheriffs with regard to the return of process, that the proceeding was a penal one against the defendant, who was entitled to a favorable construction of a statute expressly made for the fase of sheriffs, they changed their first opinion and decided that the day of leaving the office should be included.
In support of their opinion in this case the court referred, among other cases, to the case of Bellaris v. Hester, reported by Lord Raymond, in which it was ruled that when the computation is to be made from an act done, as (from the sight of a bill of exchange by the acceptor, which was the case there) the day on which such an act was done was to be included. This case from Raymond’s Reports has been overruled, and it is now settled that when a bill is payable at usance, or at so many days after the date or after sight, the day of the date or of the acceptance must be excluded. Chitty on Bills, ed. of 1842, p. 370, and cases referred to. Next in order is the case of Castle v. Burditt, 3 Term, 623, in which it was holden that the day on which the notice was given must be included within the month which must elapse before the action could be brought. No reason was given in support of the decision, but reference was made to the case of King v. Adderly, and the cases there mentioned, as having established the rule that where the computation of time is to be made from an act done, the day on which it was done must be included in the reckoning. It has been seen, however, that the case of King v. Adderly does not positively fix the rule. The court changed their first opinion and finally decided from the circumstances of the case rather than from any inflexible or usual rule of construction; and one *(78) of the authorities on which their judgment was supported was subsequently overruled.
In Ex parte Fallon and Wife, 5 Term, 283, it was decided that where annuity deeds were required by statute tobe enrolled within twenty days of their execution, the twenty days were meant to be exclusive of the day of execution. The reasoning of the court was to this effect, viz.: That it would be straining words to consider the twenty days all inclusively. Suppose the direction of the act had been to enroll the memorial within one day after the granting of the annuity, could it be pretended that it meant the same as if it were said that it should be done on the same day on which the act was done? If not, neither can it be allowed inclusively where a greater number of days is allowed.
In the case of Lester v. Garland, 15 Ves. p. 246, there was a bequest of residue in trust, in case A shall, within six months after the testator’s decease, give security not to marry B, then, and not otherwise, to pay to the children' of A, etc. It was determined that the six months were exclusive of the day of the testator’s death; and that as he cfied on the 12th of January, security given on the 12th of July was sufficient. That in computing time from an act or event, whether the day on which the one was done or the other happened was to be included or excluded depended on the reason of the thing and on circumstances. In his opinion the master of the rolls mates the following observations: “It is not necessary to laydown any general rule upon this subject, but upon technical reasoning I rather thint it would be more easy tp maintain that the day of an act done, or an event happening ought in all cases to be excluded, than that it should in all cases be included. Our law rejects the fractions of a day more generally than the civil law does. The effect is to render the day a sort of indivisible point, so that any act done in that compass of it is not referable to any one rather than to any other portion of it, but the act and the day are co-extensive and therefore cannot be properly said to be passed until the day is passed.
In Chitty’s General Practice, pp. 764, 765, 775; and 2 id. pp. 63, 147, 148, 149, several cases in recent English reports are referred to as establishing in most instances the rule that the day of an act done or event happening is to be excluded in the computation; that in the construction of statutes of limitations, although the day in which the cause of action accrued was formerly included, yet by more recent decisions it ought generally to be excluded; that now, at least, as to all acts of which the party injured had not necessarily instant and immediate notice the rule at law as well as equity is to ex- *(79) elude tbe first day; as where a statute requires that an action shall be brought against a justice for wrongful imprisonment, within six calendar months after the release; yet if a party be discharged on the 14th December, that day is to be excluded and an action brought on the 14th June next will be in due time. In scire facias, the year is calculated from the day of signing judgment, exclusive thereof, and the general rule now is, that where^ a prosecution is directed to be commenced within a specified number of days, months, etc., from the commission of the offense, the day on which the offense was committed is to be excluded from the calculation.
Turning now to such American authorities as are accessible, I find it decided in the case of Arnold v. The United States, 3 Cond. p. 297,’ that an act which imposed certain duties on goods imported from cmd after the passing of the act, took effect on the very day of its passage; and it was stated as a general rule, that where the computation is to be made from an act done, the day on which the act is done is to be included.
I have had no opportunity of examining any of the later reports of the decisions of the supreme' court of the United States, to ascertain if any, and what modifications may be made to the general rule of computation laid down in the foregoing case.
The case of Williamson v. Farrow, 1 Bailey (S. C.), 611, was one in which the sheriff was directed to sell certain mortgaged premises on a credit of six and twelve months, and if the money be not paid when due, the sheriff was directed to sell at the risk of the former purchaser. The premises were sold on the 4th day of June, and the money not being paid, were re-sold on the 4th December.
If the day of the original sale was included, the six months had expired on the 3d December; if otherwise, it would not expire until the 4th of December, and the re-sale would be premature. The court held the re-sale void; that in computing the time, the day of the original sale was to be excluded, and that therefore the six months would not expire until the last moment of the 4th December. This con-i struction was given because it appeared most in accordance with the intention of the order of the court; and because it prevented the right of the purchaser from being divested, and a forfeiture from being incurred; and it was laid down that there could be no general rule for the computation, but that it must be inclusive or exclusive of the first day, according to the intention of the parties.
The provision of the statute now under consideration, having been adopted at a period when the laws of Spain were the general law of the land, we would be gratified to examine the principles of that sys *(80) tem of jurisprudence in relation to the computation of time, had we access to any work in which the subject was discussed or regulated. But the authorities are not within our reach, except so far as bills of exchange or promissory notes are concerned. In relation to these, the same rule exists in Spain as in England, and that is, that the day of the date, or of the acceptance, must he excluded, so that a bill drawn on the 1st of October, payable fifteen days from date, would become due on the 16th of the month. Yid. Jurisprudents Mercantil, p. 97. There is some discrepancy in the late cases which have been reviewed, but the weight of their authority leans more to the rule that the day of an act done or an event happening must be excluded, or it may be included or excluded according to circumstances and the reason of the thing, so that the intention of the parties may be effected; and such a construction given as would operate most to the ease of parties entitled to favor, and by which rights would be secured and forfeitures avoided.
What then was the true intention of the legislature in requiring writs to be served at least five days before the return day thereof?
Abstractly considered, the phraseology favors the exclusion of the day of service; but granting that it is susceptible as well of one as of the other interpretation, we believe that in the reason of the thing, and the subject matter of the provision, there are abundant grounds for holding it to be the intention of the law, that five full days should elapse between the day of service and the return day.
The full period of five days is an extremely short notice to the defendant of an action in which his character, property, and all his most valued rights and interests may be involved. It may require a profound acquaintance with the rules of practice and proceedings, and with the principles of law applicable to the questions to be adjudicated, to enable pleas to be framed so as to be adapted to an appropriate defense. The most able counselor may be compelled to make new researches, before he can hazard a written defense to the charges and averments of the prosecutor. All the preparations for defense must be made before the second day of the meeting of the court, otherwise judgment will go by default. The plaintiff may have been occupied for a long period in forming with skill and art the allegations of his causes of complaint, while the defendant may in the meantime have been in the undisturbed possession of the thing claimed, ignorant of any adverse right until the commencement of the action. How important then, that he should have the utmost extension of the very limited time allowed by law to prepare for his defense.
If it be admitted that service may be made on Wednesday, it *(81) may, on the rule that fractions of days are not allowed, he made on the last moment of that day, so that counting ele momento in momentum, the five days would not expire until near 12 o’clock Monday night. It is true this is not the legal mode of computation, and it is mentioned merely to show that though five days might, in contemplation of law, intervene between Wednesday night and Monday morning, yet they cannot do so in fact, in reason or in common sense. If fractions of days be not allowed, why should the plaintiff have the benefit of this fiction of law, rather than the defendant. The former has been preparing for months, perhaps years, to prosecute his suit, — ■ the latter can have but five days at farthest. It is but reasonable that this fiction of law should operate in favor of the party who has perhaps had fewer days for preparation, than the other has had months. At the passage of this law the counties were extremely large, and defendants in remote corners, served late on Wednesday night, would, after making necessary arrangements for absence, have but scant time to reach court before the first day of the term.
This construction can work no injury to plaintiffs in suits. Let their petitions be filed in due time, and the sheriff can execute them as well on or before Tuesday as Wednesday. The note in this case had been due for twelve months, but the petition was not filed or the writ issued until the very last day but one in which service could have been made.
Had the intention of the legislature from the expressions in the context or the subject matter been clear that the day of service should be included in the computation, it would be enforced without hesitation. We are satisfied from the authorities that no rule for the inclusion or universal exclusion of days has been laid down or is desirable; that intention is the governing principle and must be effectuated so as to preserve rights, prevent forfeitures and favor parties, where penal consequences are sought to be enforced; and believing that the construction now given will operate to the advantage of defendants, without impairing or divesting the rights of plaintiffs, we are of opinion that the service of writs must, under this law, be made on Tues- • day, and that five entire days should intervene between the day • of service and the day of return; consequently the service in this case ■ was made too late; and the same having been pleaded in abatement,. there was error in overruling the exception. Asimilar provision in. the 4th section of the act regulating proceedings in civil suits of.' February 5, 1840, was construed in the case of Tinnen v. Matthews,, and it was there held that three full days must elapse after judgment, by default before final judgment could be rendered. Dallam, 491.
*(82) It is ordered, adjudged and decreed that the judgment of the court below be reversed and the cause remanded; and that a copy of the petition and a writ of citation be served on the defendant, that he may be brought into court to answer the demand of the plaintiff.