## JOHN SPEER *v.* THE STATE.

1. INTERPRETATION OF THE CODES.—The courts must be governed by the rules of interpretation prescribed by the Code of Criminal Procedure; but, when a state of case arises for which the Code prescribes no rule, it, commands recourse to the rules of the common law.

2. COMPUTATION OF TIME.—As a general rule the law takes no cognizance of fractional parts of a day; and another general rule is that, in computing time from the doing of an act, or the happening of an event, the day on which the act was done, or the event happened, is not to be counted.

3. SAME—SPECIAL VENIRE.—The Code of Criminal Procedure, Article 554 (Pasc. Dig., Art. 3022), directs that "no defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special *venire facias*," unless he waives the same. *Held*, that, in computing the "one day's service," both the day of the service and the day of the trial must be excluded. At least one entire day must intervene between the day on which the service was had and the day on which the trial begins,

4. SAME—CASE IN JUDGMENT.—Accused, being indicted for murder, was served at one o'clock, P. M., with a copy of the special *venire*, and at three o'clock, P. M., of the next day was compelled to go to trial; to which he duly excepted. *Held*, that the accused was deprived of a legal right; that the error is material, and a reversal mandatory, under Article 672 of the Code of Criminal Procedure. Pasc. Dig., Art. 3137.

APPEAL from the District Court of McLennan.    Tried below before the Hon. X. B. SAUNDERS.

In March, 1876, the appellant was indicted for the murder of J. S. Pledger, on July 14, 1875. The instrument alleged was a double-barrelled shot-gun, loaded with sixteen bullets.

The opinion of this court details the preliminary proceedings upon which the rulings are made.

The proof showed a deliberate assassination of Pledger, who, on the morning of July 14, 1875, was shot down and instantly killed while plowing. A son of the deceased was within a few steps, and witnessed the atrocity. He testified that he saw the appellant raise his gun, and tried to warn his father. He identified the appellant as the assassin, clearly and fully, and several other witnesses identified a hat, found on the ground where the gun was fired, as the hat of the appellant.

There had been no difficulty or ill-will between the appellant and the deceased, so far as known, and no apparent motive for the deed was disclosed by the evidence, except that some hostility had existed between the deceased and a connection of the appellant.

The jury returned a verdict of murder in the first degree, and the death penalty was adjudged against the appellant.

*Herring, Anderson & Kelley*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. One of the principal grounds relied on by the appellant for reversal of the judgment rendered against him in the district court is that he was deprived of a right guaranteed to him by law, by being compelled to go to trial without having had one day's service of a copy of the names of persons summoned under the special *venire facias* issued in the case, and from which a jury was to be selected for the trial.

The law directs as follows: " No defendant in a capital

case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special *venire facias*, except when he waives the right. But the service may be made at any time after indictment found, whether before or after arraignment." Code Cr. Proc., Art. 554 (Pasc. Dig., Art. 3022).

The record discloses that a copy of the special *venire facias* ordered to be issued June 2, 1876, returnable June 17, 1876, was served on the defendant June 17, 1876, at half-past one o'clock, P. M.

The case was called for trial, and the judgment recites that the state announced ready, and that the defendant asked time to file an application for continuance, which was granted; that the application for a continuance was presented to the court, and, being considered insufficient, was overruled, and an exception noted to the ruling of the court. In this connection the judgment recites as follows : " Service of copy of indictment having been waived, and of copy of *venire* by proper and legal service upon the defendant, came a jury of good and lawful men," etc.

A bill of exceptions taken by the defendant states, among other things, " that on May 18, 1876, at three o'clock, P. M., the cause called for trial, counsel still objecting, and reserving their exceptions, on the ground that defendant nor his counsel had been served as the law required with a copy of the names of persons summoned under the said special *venire facias*, ordered as aforesaid to try this cause, for one entire day, but only had service of said copy for parts of two days, to wit, from the time compassed between the hours of one and one-half o'clock, P. M., May 17, 1876, until the hour of three o'clock, P. M., May 18, 1876 ; which objections of defendant's counsel were overruled by the court, on the ground that the defendant had been served with said copy in the manner prescribed by law, and for a longer period than one day; the objection of defendant's

counsel was purely technical, and not sustained by the statute ; and the cause was ordered to proceed to trial, which was accordingly done.'' This bill of exceptions, embracing other matters, was allowed and signed by the presiding judge, and is set out in the transcript.

The record presents this question : Was the service of the copy of the special *venire* upon the defendant at half-past one o'clock, P. M., on May 17, 1876, sufficient to hold the defendant to trial at three o'clock, P. M., of the succeeding day? In other words, did the service answer the demand of the law as above quoted, that no defendant in a capital case shall be brought to trial until he has had one day's service, etc.?

There is something said in the record about a waiver of service of the special *venire,* and some controversy between the clerk and a deputy sheriff and one of the counsel for the defendant, as to whether service had not been waived by one of the counsel, or had not been made on another, which appears to have been settled by ordering service on the defendant. There is no pretense that the defendant waived this service, or that service was made upon him until half-past one o'clock, P. M., on the 17th, as above stated.

We know no rule of law or legal mode of computing time by which we would be warranted in holding that parts of two days make a day. It must have been the idea of the court below that the time intervening between the time of service and the time the trial commenced satisfied the law as to the time of service.

The Code of Criminal Procedure lays down its own rules of interpretation, and by these rules courts must be governed in the interpretation and application of its several provisions, so far as they are applicable.

Article 25 provides that the provisions of the Code of Criminal Procedure shall be liberally construed, so as to attain the objects intended by the legislature ; and Article

27 provides that, whenever it is found that this Code fails to provide a rule of procedure in any particular state of case which may arise, and is therefore defective, the rules of the common law shall be applied and govern.

Now, keeping the provisions of the Code in view, and bearing in mind the twofold purpose of the law, to punish the guilty on the one hand and the protection of the innocent on the other, and invoking whatever of aid we may obtain from other Articles of the Code, and, when it is silent, having resort to the common law, what is the correct construction and application of that provision of the Code which states that no defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special *venire facias*, in its bearing upon this case as it is disclosed by the record?

As a general rule the law takes no account of fractional parts of days.    *O'Connor* v. *Towns*, 1 Texas, 107 ; 4 Kent. Another general rule of computation is that, when time is to be reckoned from the time of the act done, the day upon which the act was done is to be excluded from the computation.    *Dowell* v. *Vititor*, decided by this court at the present term, and authorities cited.

The following quotations embodied in the opinion in *O'Connor* v. *Towns*, in reviewing *Lester* v. *Garland*, 15 Vesey, 246, throw some light upon this subject :    " In his opinion the master of the rolls makes the following observations :    ' It is not necessary to lay down any general rule upon this subject, but upon technical reasoning I rather think it would be more easy to maintain that the day of an act done, or an event happening, ought in all cases to be excluded than that it should in all cases be included.    Our law rejects the fractions of a day more generally than the civil law does.    The effect is to render the day a sort of indivisible point, so that an act done in that compass of it is not

referable to any one rather than to every other portion of it, but the act and the day are co-extensive, and, therefore, cannot properly be said to be passed until the day is passed.' "

This reasoning sustains the general idea that fractions of a day are not taken account of, and, so far as we have had time and opportunity for investigation, seems to lie very near the foundation of the other general rule that, in computing time from an act done, or an event occurred, the day on which the act was done, or upon which the event happened, is to be excluded. We may also obtain further light upon the subject from a consideration of the adjudications of our own and other courts of last resort, in construing statutes of import similar to the one under consideration.

In a very early case it became necessary for the supreme court of Texas to construe a particular section of an act passed in 1836, which was as follows :

" All original process, and all subsequent process issued thereon, shall be returnable on the first day of the next term succeeding after the issuance of such process, and shall be executed at least five days before the return day thereof."

Hemphill, C. J., in delivering the opinion of the court, said : " The day of return is to be excluded in the consideration of this question, as the defined period of five days must expire before the commencement of that day. The proposition to be determined is whether five full days must intervene between the service and the return of the citation ; or whether the day of service may be regarded and enumerated as one of these days, and as forming a unit in the time to be computed.

" The clause under consideration differs in phraseology in one particular from the cases which I have been enabled to examine. In most of them the limitation of time was so many days after an act done, or an event ; here it is so many days before an event. But this is a distinction without a

difference, as it will be shown hereafter that, in all cases where computation of time comes in question, technical constructions of particular phrases are disregarded, and the intention of the parties is sought out and made effectual."

And the learned judge, after a general review of adjudicated cases and elementary writers, English, Spanish, and American, and noticing the different rules which obtained at different periods, proceeds to say: "There is some discrepancy in the late cases which we have reviewed, but the weight of their authority leans more to the rule that the day of an act done, or an event happening, must be excluded, or it may be included or excluded, according to the circumstances and the reason of the thing, so that the intention of the parties may be effected; and such construction given as would operate most to the ease of the parties entitled to favor, and by which rights would be secured and forfeitures avoided."   *   *   *   "Abstractly considered, the phraseology favors the exclusion of the day of service; but, granting that it is susceptible as well of one as of the other interpretation, we believe that in the reason of the thing and the subject-matter of the provision there are abundant grounds for holding it to be the intention of the law that full five days should elapse between the day of service and the return day."   The day upon which the service was made was excluded from the computation.   In *The State* v. *Mc-Lendon*, 1 Stew. 195, we have a case quite similar to the one at bar, from which we quote as in point:

"But one week was allowed by law for the term of Clarke circuit court.   The court considered that the prisoner, being served with a list of the jury on Thursday, the fourth day of the term, at ten o'clock, A. M., might lawfully be put upon his trial at ten o'clock, A. M., on Saturday next following, this interval constituting two entire days.   In computing these two days, is either the day of delivering the list, or the day of trial, to be reckoned?   By the English statute it is

required that a copy of the panel of the jurors shall be delivered to the prisoner ' *two days, at least, before his trial.*' The settled construction of this statute is that the two days must be exclusive of the day of delivery and the day of trial. (Citing Fost. Cr. Law, 230 ; 1 East Cr. Law, 112, and 2 Hawk. P. C. 39.) By our statute (Alabama) any person who shall be indicted for any capital crime shall have a copy of the indictment, and a list of the jury who are to pass on his or her trial, delivered to him or her at least ' *two entire days* before he or she shall be tried.' The word ' entire ' is here inserted in addition to what appears in the English statute, and if, without this word, there could be doubt as to the construction, with it there can be none, that the statute requires two days exclusive of fractions of days."

The similarity of the question discussed in these cases and the one under consideration is manifest, and on that account we have quoted so extensively from these opinions, and because they furnish a rule of construction invaluable in determining the present case, well founded in reason and common sense, and in harmony with the rule laid down in Article 25 of the Code of Criminal Procedure.

There can be no doubt that it was the intention of the authors, in preparing the Article 554, to provide that the defendant should have the benefit of one day's service of the special *venire* before he could legally be brought to trial. That this time was intended for the benefit of the defendant must be equally clear.

Then, whether we apply the rule of excluding fractions of days from the computation, or the other rule of excluding from the estimation the day upon which the act is done, and conform ourselves strictly to the intention of the Article and the object to be attained, we must hold that the Article admits of but one interpretation, and that, to give the defendant the benefit intended, the day of the service must

be excluded from the computation.   If this be done—which seems to be demanded by reason and unquestioned authority, as well as by the evident intention of the law itself—then the defendant was deprived of a clear legal right by being put on trial within a shorter period than the law allowed after service of the special *venire facias*.

That this was to him an important right will hardly be questioned by any one of any experience or observation in the trial of capital cases.   Its importance is fully recognized in *Bate* v. *The State*, 19 Texas, 124, where it is said by Wheeler, J., that the law gives the accused the right of having a list of jurors, summoned upon the *venire*, served upon him at least one day before the trial is commenced.

One of the grounds upon which a new trial shall be granted in cases of felony is where the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights of the defendant.   Pasc. Dig., Art. 3137.   The court committed a material error, calculated to injure the rights of the defendant, by compelling him to go to trial before he had been served with the special *venire* the length of time the law entitled him to.

This error is one of the grounds set out in the motion for a new trial, and is assigned as error, and for this error the judgment must be reversed.

The view we have taken of the case renders a consideration of the other assignments of error unnecessary.   The construction we give to the statute, Article 554 (Pasc. Dig., Art. 3022), is that, in determining the *one day's service* mentioned therein, both the day of service and the day of trial must be excluded from the computation.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*