Rube Halbert et al. v. San Saba Springs Land and Live Stock Association.

No. 374.—Decided February 17, 1896.

**1. Statute Taking Effect Ninety Days After Adjournment.**

Article 3, section 39, of the State Constitution, prescribes, "No law passed by the Legislature * * * shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted unless," etc. This clause by supplying the words evidently omitted may read as if it had been written thus: "Until after the expiration of ninety days after the adjournment of the Legislature;" and this provision of the Constitution should be construed as if this language had been used. (Pp. 231, 232.)

**2. Time—Notice.**

In determining when all acts of the Legislature shall take effect when not specified in the act, in computing the term "ninety days after," etc., both the day of adjournment and the ninetieth day thereafter are excluded. Ninety full days must pass from the day of the adjournment. (Pp. 231, 232.)

**3. Case in Judgment.**

Article 566 of Revised Statutes of 1879 was amended March 27, 1885, so as to repeal section 27 of the article under which the appellee company had been incorporated on June 29, 1885. Held, that the original article 566 was in force at said date of incorporation, and that the repealing act did not go into effect until June 30, 1885. (Pp. 231 to 233.)

Questions certified by Court of Civil Appeals for Fourth District, in an appeal from Sutton County.

*S. G. Taylor, L. N. Halbert* and *Cochran & Hill,* for appellants.

At the time appellee filed its articles of incorporation in the department of State there was no law of Texas permitting the formation of corporations for the purposes specified in its charter, the law authorizing the creation of corporations for the purposes named in said charter having been repealed prior to the execution and filing of said articles of incorporation, and said charter was without authority of law, illegal and void. Revised Statutes of 1879, art. 566, subdivision 27; Acts 19th Legislature (1885) p. 59 and certificate of date of adjournment on page 129; Constitution of Texas (1876) art. 3, sec. 39; O'Connor v. Towns, 1 Texas, 107; Hollis v. Francois, 1 Texas, 118; Burr v. Lewis, 6 Texas, 76; Lubbock v. Cook, 49 Texas, 96; Sheets v. Selden, 2 Wallace, 177; Sutherland on Statutory Construction, secs. 111 and 112, where the rule is clearly announced; State v. Mounts (West Va.) 14 S. E. Rep., 407. The following cases discuss the question of computation of time and sustain the rule announced by Sutherland, viz: Hyde v. White, 24 Texas, 137; Young v. Van Benthuysen, 30 Texas, 768; Smith v. Dickey, 74 Texas, 61; Hill v. Kerr, 78 Texas, 213; Lenhart v. State (Texas), 27 S. W. Rep., 260; Hammons v. State (Texas), 29 S. W. Rep., 780; Griffith v. Bogart, 18 How., 158; (Note in s. c., Lawyers' co-operative edition, book 15, p. 307.) Bemis v. Leonard 118 Mass., 507.

No corporation can be created in the absence of an express statute

authorizing it. Constitution of Texas, art. 12, sec. 1; Empire Mill Co. v. Alston Grocery Co., 15 S. W. Rep., 200, and on rehearing, 505; Cooley's Const. Lim., 488; Sutherland Stat. Const., secs. 378, 398, 456; Tel. Co. v. DeMagathis, 25 Fed. Rep., 697.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals has certified to this court the following statement and question:

"On June 29, 1885, the San Saba Springs Land & Live Stock Association was chartered by the State of Texas, the purpose of the corporation being specified as 'the raising, breeding, owning, buying, selling and trading in live stock of all kinds or in such as the corporation may see fit; and also the owning, buying, selling and trading in real estate in the State of Texas and in any other state or territory of the United States or the Republic of Mexico.' The charter was granted by virtue of subdivision 27 of art. 566 Revised Statutes.

Question.—Was the article 566 Revised Statutes in force on June 29, 1885, or had the act of March 27, 1885, gone into effect, thereby repealing said article?"

The object of the constitutional convention in prescribing a period of time within which no law enacted by the Legislature should be operative, was to give notice to the people of its passage, that they might obey it when it should become effective, and also to enable them to adjust their affairs to the change made, if any. (Price v. Hopkins, 13 Mich. 325.) The law which requires citation to be served five days before the return day thereof is analogous to the constitutional provision, in that each is intended to fix a time for giving notice of an event which is to occur, or a thing that is to be done, the first to the individual, the latter to all persons; and we might well apply the rule that the entire period of time mentioned is to expire between the two dates named, as for instance, that the day of service and the day of return in service of citation must both be excluded in the computation of the time; applying that rule in this case, the day of adjournment of the Legislature and the day that the law shall take effect would be likewise excluded in the computation of time prescribed by the constitution; that is, ninety full days must expire between the adjournment of the Legislature and the taking effect of the law. (O'Connor v. Towns, 1 Texas, 107.)

Article 3, section 39, of the Constitution of 1876, reads as follows: "No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, etc."

At the time this constitutional provision was adopted, the act of December 1, 1849, Paschal's Digest, art. 4576, was in force, which is in this language: "Every law hereafter made shall commence and be in force with the commencement of the sixtieth day after the adjournment of the session of the Legislature at which such law may be passed, unless in

the law itself another time for the commencement thereof is particularly mentioned."

The construction of the constitution urged by appellants' counsel would require that we change the language so as to read, "until the ninetieth day," which would accord with the law as it then existed. But the convention did not use that language. From the change of the language it must be presumed that there was an intention to change the rule fixed by the law upon the subject. (Oriental Hotel Co. v. Griffith, 33 S. W. Rep., 661.) The changes plainly made are that the period of time is enlarged from sixty to ninety days, the Legislature is prohibited from putting any law into effect in less time than that named, save in the excepted classes mentioned, and instead of saying that·the law shall take effect at the commencement of the ninetieth day, it is said, "until ninety days, etc." If the convention had intended that a law to be thereafter passed should take effect on the ninetieth day after adjournment of the Legislature, it would have been easy and natural to have used the language of the law then in force. It cannot be claimed that it was intended that the law should go into effect at an earlier date than the ninetieth day, and the only change that could result from the language used is that it should take effect at a later date than that which would be expressed by language similar to that of the then existing law.

The language, "until ninety days," is incomplete and meaningless, if we construe it alone by the words used, and therefore it becomes necessary, in order to arrive at the intention of the framers of the constitution, to supply those words which have evidently been omitted. Mr. Sutherland says: "When one word has been erroneously used for another, or a word omitted, and the context affords a means of correction, the proper word will be deemed substituted or supplied." (Suth. Stat. Cons., sec. 260.) Ninety days is the period of time intended to be prescribed by the constitution which must elapse after the Legislature adjourns before a law enacted by that body can become operative, but this is not expressed by the words used, neither can it be said that eighty-nine days, or any less number must elapse, if we regard only the words used. In fact, nothing definite and certain can be determined from these words, but by supplying the words evidently omitted, we can read the provision as if it had been written thus, "until the expiration of ninety days after the adjournment of the Legislature;" or, "until a period of ninety days shall have elapsed after the adjournment of the Legislature."

The words supplied are consistent with the context and in harmony with the purposes of the convention in framing the section quoted. It is also in harmony with the previous decisions of this court in construing statutes upon the subject of notice, and we conclude, that this provision of the constitution should be construed as if the language had been used that is above supplied.

Section 43 of article 12 of the Constitution of 1869 provided: "The statutes of limitation of civil suits were suspended by the so-called Act

of Secession, 28th of January, 1861, and shall be considered as suspended within this State until the acceptance of this constitution by the United States Congress." The constitution was accepted on the 30th day of March, 1870. In the case of Dowell v. Vinton, this provision of the Constitution of 1869 was construed, by the Court of Appeals, the question being whether or not limitation commenced to run on the day the constitution was accepted by Congress or on the succeeding day. It was held by the Court of Appeals that the law of limitation was not revived until the 31st day of March, 1870, the day next succeeding the day on which the constitution was accepted. We think that this case is in point and correctly decided. It is in harmony with the decisions before cited herein, and with the general rules laid down for construction under like circumstances. (See 1 Texas Ct. of App. Civil Cases, sec. 327.)

We therefore answer, that article 566 of the Revised Statutes was in force on June 29, 1885, and that the act of March 27, 1885, did not go into effect until the 30th day of June of that year.