

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

July 24, 1951

Hon. Nettye C. Romer
County Auditor
Midland County
Midland, Texas

Opinion No. V-1216

Re: Present maximum salary
of the County Treasur-
er of Midland County.

Dear Madam:

Your request for an opinion relates to the fol-
lowing factual situation:

Midland County had a population of less than
20,000 inhabitants according to the 1940 Federal census,
and pursuant to House Bill 785, Acts 50th Leg., 1947, ch.
381, p. 772 (Art. 3912e-12, V.C.S.), the county treasurer
was compensated on the basis of $5400.00 per year. Mid-
land County now has more than 20,000 inhabitants (25,785)
according to the 1950 Federal census. The assessed valua-
tion of such county is $16,200,440.00 according to the
last approved tax rolls.

You desire to know if the Commissioners' Court
of Midland County is authorized to pay the county treas-
urer the sum of $6750.00 per year.

Inasmuch as Midland County has a population in
excess of 20,000 inhabitants, its county treasurer must
be compensated on a salary basis. Tex. Const. Art. XVI,
Sec. 61. Section 13 of Article 3912e, V.C.S., is con-
trolling as to the compensation to be paid the treasurer
and provides in part as follows:

"The Commissioners' Court in counties
having a population of twenty thousand (20,-
000) inhabitants or more, and less than one
hundred and ninety thousand (190,000) inhabit-
ants according to the last preceding Federal
Census, is hereby authorized and it shall be
its duty to fix the salaries of all the fol-
lowing named officers, to-wit: . . . treasur-
er, . . . Each of said officers shall be paid
in money an annual salary in twelve (12) equal
installments of not less than the total sum
earned as compensation by him in his official
capacity for the fiscal year 1935, and not

more than the maximum amount allowed such of-
ficer under laws existing on August 24, 1935;
provided that in counties having a population
of twenty thousand (20,000) and less than
thirty-seven thousand five hundred (37,500)
according to the last preceding Federal Cen-
sus, and having an assessed valuation in
excess of Fifteen Million ($15,000,000.00)
Dollars, according to the last approved pre-
ceding tax roll of such county the maximum
amount allowed such officers as salaries may
be increased one (1%) per cent for each One
Million ($1,000,000.00) Dollars valuation or
fractional part thereof, in excess of said
Fifteen Million ($15,000,000.00) Dollars val-
uation over and above the maximum amount al-
lowed such officers under laws existing on
August 24, 1935; . . .

"  .  .  .

"(e)  The Commissioners Court is hereby
authorized, when in their judgment the finan-
cial condition of the county and the needs
of the officers justify the increase, to enter
an order increasing the compensation of the
precinct, county and district officers in an
additional amount not to exceed twenty-five
(25%) per cent of the sum allowed under the
law for the fiscal year of 1944, provided the
total compensation authorized under the law
for the fiscal year of 1944 did not exceed the
sum of Thirty-six Hundred ($3600.00) Dollars."

In a letter addressed to Hon. N. E. Grisham,
District Attorney, Eastland, Texas, dated November 24,
1947, this office stated:

"It is our opinion that the county treas-
urer of Eastland County could have received in
1947 a maximum compensation of $2625.00, de-
termined as follows:

"In 1935 the maximum compensation was
$2,000.00.  (Article 3943, V.C.S.)  Based on
assessed valuation in 1943 ($19,575,780.00)
the Commissioners' Court of Eastland County
could have granted the county treasurer an
increase in 1944 of $100.00 (5% of $2,000.00).

Under the provisions of Subdivision (e) of Section 13, Article 3912e, the Commissioners' Court could have granted in 1947 an additional increase of 25% of the maximum allowed the treasurer under the law in 1944, or $525.00. (25% of $2100.00) Since Eastland County had an assessed valuation in 1946 of $19,079,010.00, the county treasurer could receive an increase based on the assessed valuation of 5% of the maximum allowed on August 24, 1935, or $100.00. (5% of $2,000.00) In 1947 the county treasurer of Eastland County could receive a maximum salary of $2,625.00. ($2,000 plus $100 plus $525)."

By the same token, the maximum compensation allowed under the law for the County Treasurer of Midland County in 1935 was $2,000.00. (Art. 3943, V.C.S.) Since the assessed valuation of Midland County in 1943 was $7,-852,018.00, the commissioners' court was not authorized to grant an increase based upon valuation. Art. 3912e, Sec. 15, V.C.S. Therefore, the maximum compensation of the county treasurer was $2,000.00 in 1944.

Under the provisions of subdivision (e) of Section 13 of Article 3912e, V.C.S., the commissioners' court is authorized to grant an additional increase of twenty-five per cent of the maximum allowed the treasurer under the law in 1944, or $500.00 (25% of $2,000.00). Pursuant to the provisions of Article 3912g, V.C.S., the commissioners' court is authorized to grant an increase of twenty-five percent of $5400.00 (which amount could have been paid in 1948, Art. 3912e-12, V.C.S.), or $1350.00. Att'y Gen. Op. V-1140 (1951).

In addition to the sums enumerated above, the commissioners' court would be authorized to increase such amounts by two per cent of the amount allowed in 1935, based upon the assessed valuation of $16,200,440.00, that is, 2% of $2000.00, or $40.00 (Art. 3912e). This amount, together with the amount allowed under Section 13 of Article 3912e and Article 3912g, authorizes a maximum compensation of $3890.00 for the County Treasurer of Midland County. ($2,000 plus $500 plus $1350 plus $40.)

In this connection, you are referred to the provisions of House Bill 265, Acts 52nd Leg., 1951, relating to the compensation of county treasurers. This act becomes effective September 7, 1951, having failed to receive a record vote in the Senate. Halbert v. San Saba Springs

Bond and Livestock Ass'n, 89 Tex. 230, 34 S.W. 639 (1896); Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173 (1937). Section 2 of House Bill 265 provides:

"In each county in the State of Texas having a population of at least twenty thousand (20,000) and not more than fifty thousand (50,000) inhabitants according to the last preceding Federal Census, the Commissioners Court shall fix the salary of the county treasurer at any reasonable sum, providing such salary is not less than Two Thousand, Four Hundred Dollars ($2,400) per annum."

The above quoted provision is applicable to Midland County and, after September 7, 1951, the commissioners' court of the county is authorized to fix the salary of the county treasurer in accordance therewith.

## SUMMARY

The present maximum compensation of the County Treasurer of Midland County is $3890.00 under the provisions of Articles 3912e, Sec. 13 and 3912g, V.C.S.

The maximum compensation that may be allowed the county treasurer after September 7, 1951, the effective date of House Bill 265, Acts 52nd Leg., 1951, will be any reasonable sum fixed by the commissioners' court, provided it shall not be less than $2,400.00 per annum.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
    Assistant