Paul WILLIAMS, Appellant,

v.

CITY OF ANGLETON, et al., Appellees.

No. 01–86–0180–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 8, 1987.

Rehearing Denied Feb. 5, 1987.

Dennis G. Herlong, Ryan & Shoss, Houston, for appellant.

Laurence E. Boyd, Gilbert & Gilbert, P.C., Angleton, for appellees.

Before SAM BASS, JACK SMITH and COHEN, JJ.

## OPINION

COHEN, Justice.

Our opinion issued October 23, 1986 is withdrawn and the following is substituted. Appellee's motion for rehearing is overruled.

After the City of Angleton twice refused his requests for attorney's fees, Paul Williams sued, claiming that an ordinance required the City to reimburse him for attorney's fees he incurred while serving on the Angleton City Council. The trial court granted summary judgment for the City.

Williams contends that the trial court erred in denying his motion for continuance of the summary judgment hearing, because the City gave him less than 21 days notice of the hearing and less than 14 days to file his response, in violation of Tex.R.Civ.P. 166–A(c).

The record reflects that in October of 1985, both sides announced ready, and the case was set for trial on November 18, 1985. On that date, the trial was reset to January 13, 1986. On December 23, 1985, Williams' attorney was served with the motion for summary judgment. On January 3, 1986, Williams filed his motion for continuance and his response opposing the motion.

On January 13, 1986, both parties appeared. Williams asserts in his brief, without challenge from the City, that the court, at the City's request, delayed the hearing one day in order to cure any error regarding inadequate notice. We accept this as a correct statement. Tex.R.App.P. 74(f). Williams' motion for continuance was denied, and on January 14, the court heard and granted the motion for summary judgment.

Rule 166–A(c) provides that:

Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served *at least twenty-one days before the time specified for hearing.* Except on leave of court, the adverse party, not later than seven days *prior to the day of hearing* may file and serve opposing affidavits or other written response. (Emphasis supplied.)

Rule 4 provides that:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default *after* which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. (Emphasis supplied.)

The City contends that Rule 4 controls. We disagree. Rule 166–A(c) is a specific rule regarding notice of summary judgment hearings. If a conflict exists, it would control over the general provisions of Rule 4. There is no conflict, however. Rule 166–A(c) provides that the motion "shall be filed and served at least 21 days *before* the time specified for hearing." Rule 4 provides a method for counting the number of days *"after which* the designated period of time begins to run...." (Emphasis supplied.)

No Texas case has expressly considered the applicability of Rule 4 to Rule 166–A. However, in *Martinez v. General Motors Corp.*, 686 S.W.2d 349 (Tex.App.—San Antonio 1985, no writ), the court discussed the applicability of Rule 4 to Rule 21, which provides in relevant part that:

An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial,

shall be served upon the adverse party *not less than three days before* the time specified for the hearing.... (Emphasis added.)

The court held that:

It is apparent that the method for computing time prescribed by Rule 4 can not realistically be applied in a case where the requirement is that an act or event occur a certain number days before a known future date.... In the case before us, if we exclude the date of the hearing and include the day of service, the resulting conclusion would be that the service took place on the third day before the hearing, but we would still be faced with the problem that adherence to such a formula would not give three full or entire days between the date of service and the date of hearing.

*Martinez,* 686 S.W.2d at 351.

The City relies on *Brown v. Capital Bank,* 703 S.W.2d 231 (Tex.App.—Houston [14th Dist.] 1985, no writ). Brown was served with a motion for summary judgment on January 22, 1985. The motion was filed on January 28, and the hearing was set for February 18. On February 14, the hearing was reset by agreement to March 25. On March 23, the hearing was reset by the court to April 8, 1985. Brown never filed any response, except a motion for continuance claiming that he did not receive notice of the last reset until April 5, 1985, and was therefore denied the requisite notice. This frivolous complaint was easily rejected, because Brown had 75 days of notice and did nothing. Rule 4, on which the City relies, was never cited or discussed in *Brown.*

The *Brown* opinion stated that the filing on January 28 was "more than 21 days before the [February 18] hearing was to be held pursuant to Rule 166–A(c)...." 703 S.W.2d at 232–33. However, this statement was not essential to the court's holding, because Brown also received more than 21 days notice between February 14 and March 25.

In *O'Connor v. Towns,* 1 Tex. 107 (1846), the Texas Supreme Court thoroughly reviewed English decisions in order to construe a Texas statute that required service of process "at least five days prior to commencement of the term of court." The court concluded that five full days had to intervene between the day of service and the day the term of court commenced. Consequently, the court excluded both the first and last days of the period. The controlling rule from *O'Connor* is that:

[T]he weight of their authority leans more to the rule that the day of an act done or an event happening must be excluded, or it may be included or excluded according to circumstances and the reason of the thing, so that the intention of the parties may be effected; and such a construction given as would operate most to the ease of parties entitled to favor, and by which rights would be secured and forfeitures avoided.

*O'Connor,* 1 Tex. at 114–115.

In *State v. Asbury,* 26 Tex. 83, 84 (1861), the Court of Criminal Appeals construed a limitations statute and held that the day of the offense was included in the two-year computation, because that would benefit the party for whose benefit the statute was enacted. In *Smith v. Dickey,* 74 Tex. 61, 11 S.W. 1049 (1889), the Texas Supreme Court approved the *Asbury* principle that the rule should be applied to favor the intended beneficiary of the statute.

In *Halbert v. San Saba Springs Land & Livestock Association.,* 89 Tex. 230, 34 S.W. 639 (1896), the court held that a constitutional provision that "no law passed ... shall go into force until 90 days after the adjournment of the session at which it was enacted ...," required a full 90 days to elapse between the day of adjournment and the day the law took effect. Consequently, in deciding when the law took effect, the court excluded both the day of adjournment and the 90th day. The court held that if the legislature intended the act to take effect on the 90th day, it would have so provided. The court noted that its holding was consistent with other decisions requiring the full time period to elapse when notice was involved. *Accord Shook v. Laufer,* 100 S.W. 1042, 1046 (Tex.Civ. App.—Austin 1907, writ ref'd.)

In *Hyde v. White,* 24 Tex. 138 (1859), the court construed a constitutional provision that bills presented to the Governor one day before legislative adjournment shall become law, unless returned to the legislature before adjournment. The court held that a bill presented on February 15 before a February 16 adjournment was not presented "one day previous," within the meaning of the constitution. The court reasoned that both the day of presentment and the day of adjournment must be excluded in order to allow the governor one full day in which to consider signing the bill.

In *Wood v. City of Galveston,* 13 S.W. 227, 228 (1890), the court recognized that the rule in *O'Connor* had been codified by a statute providing for five days notice of citation, excluding both the day of service and the day of return.

In *Wagner v. Urban,* 170 S.W.2d 270, 272 (Tex.Civ.App.—Amarillo 1943, no writ), the statute requiring notice of "not less than 10 days before the return day thereof" was held to require posting for 10 full days, excluding both the day of posting and the day of return, in order to accomplish the statute's intent.

In *Pollard v. Snodgrass,* 203 S.W.2d 641 (Tex.Civ.App.—Amarillo 1947, writ dism'd), the court held that a statute requiring an election notice to be posted "at least six days prior to the election" required a full six days to intervene between the date of posting and the date of the election. Notice posted on December 1 was not six days prior to the election of December 7.

Although the court in *DeLeon v. Holt,* 322 S.W.2d 659 (Tex.Civ.App.—Austin 1959, no writ), excluded the day of service and included the day of filing, they held that their method of counting was designed to allow 20 full days to intervene between service and filing of an abstract of title.

■ In order to achieve the rule's purpose of protecting the non-movant, we hold that Rule 166–A(c) requires a full 21 days to elapse between the day of notice and the day of hearing. In computing the time, the day notice is given and the day of hearing should be excluded. To include either the day of service or the day of the hearing would give the non-movant less than 21 full days before the hearing and less than 14 full days to file a response. In the present case, notice of summary judgment given on December 23 for a hearing on January 13 was only 20 days before the time specified for the hearing, and therefore, the trial court erred in denying appellant's motion for continuance.

■ Because summary judgment is a harsh remedy, Rule 166–A must be strictly construed, including its notice provisions. *Taylor v. Fred Clark Felt Co.,* 567 S.W.2d 863 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *International Insurance Co. v. Herman G. West, Inc.,* 649 S.W.2d 824, 825 (Tex.App.—Fort Worth 1983, no writ). The notice provisions of Rule 166–A are intended to prevent judgment without the opposing party having a full opportunity to respond on the merits. The City had many months to prepare its motion for summary judgment. It served a 132–page motion, apparently containing new evidence, two days before Christmas, at a time calculated to give Williams the least possible notice. This was after the case had been twice set for trial, with the City having announced ready for trial in November.

■ Recessing the hearing for one day did not cure the error of inadequate notice. Because the deadline to respond had passed six days before, Williams never received the 14 days response time guaranteed by Rule 166–A.

Appellant's first point of error is sustained.

The judgment is reversed, and the cause is remanded.