**SHELL WESTERN E & P, INC., and Pat L. Goodwin, Relators,**

v.

**The Hon. Juan R. PARTIDA, Judge of the 275th District Court of Hidalgo County, Texas, Respondent.**

No. 13-91-634-CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 16, 1992.

Rehearing Overruled Feb. 13, 1992.

Ramon Garcia, Edinburg, Marie R. Yeates, Linda K. McCloud, Paul E. Stallings, Daniel A. Hyde, Frank L. Heard, Jr., Adam P. Schiffer, Ewing Werlein, Jr., Vinson & Elkins, Houston, W. James Kronzer, D. Ferguson McNeil, III, William G. Lowerre, Sr., Litigation Counsel, Shell Oil Co., Richard W. Mithoff, Mithoff & Jacks, Houston, Tommy Jacks, Mithoff & Jacks, Austin, Rose Marie Guerra Reyna, Lewis & Pettitt, McAllen, for relators.

Juan R. Partida, Edinburg, for respondent.

Frank B. Burney, Martin, Drought & Torres, Paul T. Curl, Pape Murray McClenahan & Sparr, San Antonio, Frank E. Weathered, Dunn Cason & Weathered, Robert C. Pate, William Robert Anderson, III, Sorrell Anderson & Lehrman, Anthony F. Constant, McMains & Constant, Corpus Christi, S. Mark Murray, Pape Murray McClenahan & Sparr, San Antonio, Francisco J. Rodriguez, Rodriguez Partida & Pruneda, McAllen, for real parties in interest.

Before NYE, C.J. and DORSEY and BISSETT[1], JJ.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

## OPINION

NYE, Chief Justice.

In this original proceeding, relators, Shell Western E & P, Inc. (Shell) and Pat L. Goodwin, seek relief from an order issued by the Honorable Juan Partida striking their supplemental answers to interrogatories. We agree with the relators' position that the supplemental answers were timely filed and conditionally grant the writ.

This case is an example of "winner take all" gamesmanship by both sides. The underlying lawsuit pending in respondent's court which gives rise to this proceeding was filed on March 13, 1991. The amended pleadings, filed October 18, 1991, seek actual damages up to two hundred thirty five million dollars plus exemplary damages. The real parties in interest attached and served their first set of interrogatories with the original petition which inquired into the identity of persons with knowledge of relevant facts and the identification of testifying and consulting experts as well as the substance of the experts' testimony. The relators filed their initial response to the interrogatories on June 6, 1991. At that time, they named certain fact witnesses and indicated that their experts were then unknown. On November 5, 1991, the real parties in interest designated Tom Wintermute as a primary testifying expert. The case was set for trial on December 16, 1991. On October 2, 1991, relators filed a motion for continuance which was denied. Relators re-urged their motion for continuance at a pre-trial conference on November 14, 1991. On November 15, 1991, the real parties in interest filed and served their supplemental answers to interrogatories on the relators. It is undisputed that the relators received the supplemental answers on that date.

The relators, on that same date, filed their supplemental answers to interrogatories with the district clerk of Hidalgo County and mailed the answers to the real parties in interest. At that time, relators re-

vealed approximately ninety-six expert witnesses and ninety-four witnesses with knowledge of relevant facts. The real parties in interest agree that November 15, 1991, was the last day to supplement the interrogatories; they disagree strongly on whether relators supplemented on that date. Essentially, the disputed issue is whether Rule 166b(6) required the relators to insure that the real parties in interest received the supplemented interrogatories not less than thirty days prior to trial, or merely prove that the interrogatories were timely served in accordance with the service requirements of the rules.

Both sides cry foul. Relators urge that their interrogatories were timely supplemented by serving them in accordance with Tex.R.Civ.P. 21a. If not, relators urge that they had good cause for not timely supplementing. They argue at length that the record shows that the real parties in interest in this case turned off their fax machines before five o'clock on November 15, 1991, preventing the actual receipt of supplemented interrogatory answers. They argue that attempts to reach opposing counsel on that afternoon by telephone were also futile. The real parties in interest deny relators' claim and urge that relators are the villains here because relators chose to mail the supplements rather than hand-deliver them or drop them off to local counsel in Hidalgo County, even though his office is located only one block from the Hidalgo County Courthouse.

The veracity of these arguments is not crucial to our disposition. However, if either argument is true, such conduct certainly does not rise to the standard of professional conduct of a member of our legal community.[2] Actions of this kind reflect badly on the individual lawyer, and on the profession as a whole. Fortunately, we are able to dispose of this case based on uncontroverted factual matters.

Relators do not dispute that the real parties in interest did not actually receive in hand the supplemented interrogatories thirty days before trial. Rather, they advance three arguments to support their position that they timely supplemented their interrogatory answers. We agree with their first argument that service was timely made by placing the supplemental interrogatory answers in the mail on Friday, November 15, 1991.

 The Texas Rules of Civil Procedure clearly set forth the manner of serving interrogatories to opposing parties. Tex.R.Civ.P. 168. Rule 168 expressly incorporates the service provisions of Tex.R.Civ.P. 21a for service of interrogatories. It provides that interrogatories and written answers, together with proof of service thereof as provided in Rule 21a, shall be filed promptly in the clerk's office by the party making them. The rule also provides that the party upon whom interrogatories have been served shall serve answers on the party submitting the interrogatories. Tex.R.Civ.P. 168(4).

Likewise, Tex.R.Civ.P. 166b(6) sets forth the duty of a party to supplement its interrogatory answers. The rule provides that interrogatory answers shall be supplemented *not less than 30 days prior to the beginning of trial* unless good cause exists for permitting late supplementation. If a party is expected to call an expert witness, information regarding that witness, including the substance of the proposed testimony, must be supplemented as soon as practical, but in no event less than 30 days prior to the beginning of trial. Tex.R.Civ.P. 166b(6)(b).

We are persuaded by relators' first argument that because Rule 168 incorporates the provisions of Rule 21a[3] to the service

---

**2.** The preamble to the Texas Disciplinary Rules of Professional Conduct obliges lawyers to maintain the highest standard of ethical conduct. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials.

**3.** Rule 21a provides that any form of request required to be served under Rule 21 may be served by delivering a copy to the party to be served or the party's duly authorized agent or attorney of record. The rule further provides that *service by mail shall be complete upon the deposit of the paper, enclosed in a postpaid, properly addressed wrapper in a post office or*

of interrogatories, Rule 21a applies equally to the supplementation of the interrogatories. Rule 166b requires that the interrogatories be supplemented no later than thirty days before trial. We understand that to mean that the interrogatories should be filed with the Court and served upon the parties no later than thirty days before trial.

The real parties in interest argue that the supplemental answers to interrogatories were late because they received them no earlier than twenty eight days prior to trial. They contend that the automatic exclusion rule applies and the trial court had no choice but to strike the answers. The real parties in interest urge us to follow the reasoning of various cases which count backward from a particular event rather than forward from a particular event to determine whether the interrogatories here were timely supplemented. Their cases are not persuasive with regard to the applicability of Rule 21a to this case.[4] One of the cases cited, interpreting Rule 166a, holds that the summary judgment rule requires a full 21 days to elapse between the date of notice and the date of hearing. *Williams v. City of Angleton*, 724 S.W.2d 414 (Tex. App.–Houston [1st Dist.] 1987, writ denied). In *Williams*, notice of a summary judgment hearing was given to the opposition only twenty days before the time specified for hearing, contravening the Rule 166a, which requires a motion and supporting affidavits to be filed and served at least twenty-one days prior to the hearing. *Williams* does not indicate what method of service was followed and does not distinguish between the receipt of notice and service of notice. In the instant case, unlike *Williams*, the interrogatory responses were timely served, if we follow the service requirements of Rule 21a.

The real parties in interest also urge that *Old Republic Ins. Co. v. Wuensche*[5] shows that notice to them was untimely. In *Wuensche*, the Court of Appeals interpreted the notice provisions of Rule 93, which requires verified affidavits to be *filed* not less than seven days before the case proceeds to trial. The parties in *Wuensche* filed an amended pleading on January 3 for a trial which was set to commence on January 9. The Court of Appeals refused to apply Rule 4 and determined that the filing was untimely.

Neither of these cases or the other ones cited really impact the situation here. The real parties in interest cite no cases showing us why Rule 21a should not be followed in this case. Here, it is undisputed that the supplements were *filed* with the district court in a timely fashion.

■ Next, the real parties in interest argue that the service requirements of Rule 21a were not met because there was no showing that the supplements had been deposited in a post office or official depository under the care and custody of the United States Postal Service. We disagree. There was ample and detailed evidence presented to the trial court about the handling of the documents in question. It cannot be seriously disputed that the relators failed to establish that the documents were timely deposited in the mail in accordance with Rule 21a. That was all that was required of them under the rules. We disagree with the trial court and find that the interrogatories were timely supplemented.

■ The remaining issue is whether the trial court had any discretion to strike the supplemented answers even though timely filed because they were clearly onerous. We are not called upon to determine if language in Rule 166b(6)(b)[6] allows the trial court discretion to strike a designation

official depository under the care and custody of the United States Postal Service.

**4.** We agree that these cases might be persuasive if we were addressing relators' argument that Rule 4 applies in this case. We find no need to consider that argument because relators' argument that Rule 21a applies is controlling here.

**5.** 782 S.W.2d 346 (Tex.App.–Fort Worth 1989, writ denied).

**6.** The rule states that the supplementation of a previously undisclosed expert witness should be made *as soon as practical* but in no event less than thirty days prior to the beginning of trial except on leave of court.

filed more than thirty days prior to trial. We hold that under the record of this case it would have been an abuse of discretion to strike the answers in total, if indeed the trial court entered the order as a sanction.

There is no doubt that without any experts to testify at trial on behalf of relators, they have no case to present. The parties have informed us that this case involves questions concerning the amount of gas reserves located in a particular gas field and whether the proper measure of damages involves the percentage of estimated reserves underlying the acreage. Expert testimony is crucial on both sides. The real parties in interest designated one of their experts on November 6, 1991. The rest were designated on November 15, 1991. The case, in its current posture, will allow relators no opportunity to respond to expert testimony presented by the real parties in interest.

A sanction which effectively prevents the presentation of relators' case is so drastic, that we measure the trial court's actions by the standard set forth in *Transamerican Gas Corp. v. Powell*[7], involving death penalty sanctions for discovery abuse. *See Pilgrim's Pride Corp. v. Thompson*, 818 S.W.2d 185 (Tex.App.—Tyler 1991, orig. proceeding). In *Transamerican*, the Court said that there must be a direct relationship between the offensive conduct and the sanction imposed. Second, the sanction must not be excessive. It should never be more severe than necessary to satisfy the legitimate purpose. Courts should consider the availability of lesser sanctions before granting a sanction which guts a party's case unless the record is clear that the party's claim or defense is meritless.

In this case, nothing justified the severe sanction assessed. This very important case had been on the docket only a few months. It appears from the record that until this motion the parties had proceeded amicably. The record does not reflect that the trial court considered lesser sanctions before striking the supplemental answers to interrogatories in their entirety.

We find that if the trial court's order was a sanction, it was an abuse of discretion for which there is no adequate remedy by appeal. We use the reasoning in *Transamerican* to support our decision. There, the Supreme Court held that whenever a trial court imposes sanctions which have the effect of adjudicating a dispute, whether by striking pleadings, dismissing an action, or rendering a default judgment, the eventual remedy by appeal is inadequate. *Transamerican*, 811 S.W.2d at 919. The court reasoned that in those situations the entire conduct of the litigation is skewed by the removal of the "offending party's" position from consideration.

The same reasoning applies here. If relators are required to try their case with no experts and a limited number of witnesses, the trial will be skewed. In such a case, relators would be required to introduce all testimony by way of bill of exception. An appeal to this court would likely be based on the propriety of the trial court's action in striking the supplementation. Clearly, the sanction would have the effect of precluding relators from a decision on the merits. We hold that the remedy by appeal here would be clearly inadequate.

We understand the daily difficulties the trial judge faces in attempting to manage a large docket efficiently and effectively. We also understand the burdens upon those attorneys who want to get their cases tried as quickly as possible. However, there must be a way to do justice other than to require a party to try a case without witnesses. We agree that relators' designation was not "fair" to the real parties in interest in this case. They were ready to go to trial and should not have been burdened with an unwieldy and unrealistic list of potential witnesses. But, the correct solution to that problem would not be a blanket order striking *all* timely supplemented witnesses. It is also not "fair" to the relators to force them to trial in a complicated case in which experts are clearly needed. This is a young case by today's docket schedule standards.

7. 811 S.W.2d 913 (Tex.1990).

The perils of legal gamesmanship have been discussed in opinions ad nauseam. But here, those perils are so focused that we again feel compelled to caution against actions by attorneys on both sides which attempt to thwart a thorough presentation of a case through legal maneuvers and gamesmanship or by a trial judge whose patience wears thin.

We conditionally grant relators' writ of mandamus. We trust that the honorable trial judge will vacate his order of December 6, 1991, striking relators' supplementation of interrogatory responses. Mandamus will issue only if he refuses to comply.