[Opinion delivered May 24, 1880.]

---

MORGAN BAGLEY v. G. J. SPRUILL.

(Case No. 3373.)

1. JUDGMENT BY DEFAULT — TERM OF COURT CHANGED.— Where a defendant was served on the 24th of June, 1876, with citation to appear at a term of the district court of San Saba county to be held on the fourth Monday after the first Monday in September, 1876, and on the 29th day of July, 1876, the time of holding court in that county was changed, by act of the legislature, to the second Monday in September, 1876, to render judgment against him by default September 11, 1876, at a term of court held under the law as changed, was erroneous. Gen. Laws 15th Leg., ch. 67, page 73; Pas. Dig., art. 1513; id., 1413; Neill v. Brown, 11 Tex., 17.

ERROR from San Saba. Tried below before the Hon. W. A. Blackburn.

The opinion sufficiently states the facts.

*Makemson, Fisher & Price*, for plaintiff in error.

*Abney & Matthews*, for defendant in error.

WALKER, P. J.— Suit by defendant in error against plaintiff in error on promissory notes; petition filed June 19, 1876, in the district court of San Saba county, in the seventeenth judicial district. Citation issued same day, and executed by service thereof on defendant on the 24th day of same month, 1876.

Judgment final, by default, was rendered in favor of the plaintiff against the defendant, on the notes sued on, for the sum of $4,518.64, with ten per cent. interest, and costs of

suit. Defendant prosecutes his writ of error, and assigns as error:

1. That the court had no jurisdiction over his person in said case.

2. That the judgment is void, and is a nullity upon its face, for the reason that he was cited to appear at the term of the district court to be held on the fourth Monday after the first Monday in September, 1876, and the judgment was rendered at a term of the court which was begun and was holden on the first Monday after the first Monday in September, 1876.

The record shows that the citation served on the defendant notified him to appear on the fourth Monday after the first Monday in September, 1876, and that the term of the district court for said county, at which this judgment was rendered, was begun and held on the 11th day of September, A. D. 1876.

The citation was issued and executed at a time when, according to law, the terms of the district court in the county of San Saba were required to be holden on the fourth Mondays after the first Mondays in March and September. Sec. 17 of ordinance fixing the terms of the district courts of the state of Texas, constitution of 1876.

The time for holding the terms of said court in the county of San Saba was altered by an act of the legislature, which passed and took effect from its enactment on the 29th day of July, 1876, which required said terms to be held on the second Monday in March and September, and might continue in session two weeks. General Laws of the 16th Leg., ch. 67, p. 73.

The statute which authorizes the rendition of judgments by default (art. 1513, Pasch. Dig.) provides that, . . "if the defendant has been personally served *according to law*, . . and shall fail to answer before the fourth day of *the term of the court to which* he has been *cited*, the plaintiff . . may have judgment by default." The authority to render the judgment, therefore, requires that the service of process shall be made *according to law*, and the failure to answer

must occur at the term of the court at which the defendant has been *cited* to appear. In this case he was personally served according to law; for at the time the process issued it was valid, and cited the defendant to appear at the time which the laws then existing, and in full force, required the term of the district court to be held in San Saba county. But before the time arrived for holding said term under that law, a change was made in the times for holding said terms for said county, according to which variation the approaching term was made to begin and to terminate before the day on which the defendant had been cited under the previous law to appear and answer.

The defendant had not been cited to appear and answer at the term which was thus holden.

If the change which was made as to the time of beginning the term had been such as to have included also in the sessions of the court the day specified in the citation for the appearance of the defendant, and to have embraced also the four days succeeding thereto, allowed defendants for filing their pleadings, it might be that judgment by default could properly be rendered on such fourth day for want of an answer, notwithstanding the change in the time for beginning the terms of the court. Where, however, as in this case, the judgment was rendered during a term of the court which had begun and was concluded previous to the day to which the defendant was cited to appear, evidently the judgment was rendered at a term of court to which the defendant had not been *cited* to appear. The defendant was not served according to law in respect to the term of court which was actually held; he was regularly and legally served, however, at the date at which process issued and was executed in respect to the terms of court under the law as it existed at that date.

To render the citation valid and legal as to the term which was actually held, it must have stated "the *time of holding* the court." Art. 1431, Pasch. Dig.

In Neill *v.* Brown, 11 Tex., 17, where an act was passed on the 7th of February, A. D. 1853, to take effect from its

passage, by which the time for holding the district court for a certain county was changed from the seventh to the sixth Monday after the first Monday in March, and the citation was issued on the 15th of February, returnable to the seventh Monday after the first Monday in March, the judgment, which was rendered by default, was reversed, on error. In that case the citation having been issued after the law took effect which made it returnable to a time different to that named in it for holding the court, was held to be itself a nullity; there was no authority at the date of its issuance to cite a party to appear on "the seventh Monday after," etc. In that case it was said by the court, as it may also be stated in this, that the defendant had not had a day in court.

The other assignments of error need not be noticed, as we regard the assignments which we have already considered as decisive, and the other points which are made relate merely to the sufficiency of the petition. There was no appearance, answer, nor motion in arrest of judgment, and we will not consider alleged defects in the petition, where facts are alleged which may, by proper amendments hereafter made, render the cause of action complete and unexceptionable. It is sufficient that the plaintiff's petition affords a sufficient basis upon which to render a judgment upon facts on which a cause of action may be predicated.

We conclude that there was error in the judgment, for which it must be reversed and the cause remanded, and shall award accordingly.

REVERSED AND REMANDED.