JOSIAH WATSON v. J. Z. MILLER ET AL.

(Case No. 3339.)

55   289
87   571

1. CITATION.— A citation to a defendant, issued after the election at
   which the constitution of 1876 was adopted, but before the result of
   that election was known or officially proclaimed, which required
   him to appear at a time fixed by the ordinance adopted by the con-
   vention, but different from the time fixed by existing statute, was
   without authority of law.

2. ORDINANCE RELATING TO COURTS.— The ordinances passed by the constitutional convention which prepared the constitution of 1876, dividing the state into judicial districts and fixing the time of holding courts, were not designed to take effect for any other purposes than those connected with the election, until the ratification of the constitution had been officially ascertained and made known by the governor's proclamation; and it was not the design to interfere with the courts or with the times of holding courts under existing laws until the new constitution actually took effect.

3. SURVIVING PARTNER — INTERVENOR.— A surviving partner being legally entitled to collect debts due the partnership, the executor of a deceased partner has no right to intervene in a suit brought by the survivor to collect a debt, when the only object of the intervention is to join in the recovery.

APPEAL from Bell. Tried below before the Hon. X. B. Saunders.

*Fay & Monteith,* for appellant.

*A. J. Harris,* for appellee.— 1. The court rightly overruled appellant's exception to plaintiff's petition because the petition prayed for process requiring the appellant to appear and answer to the beginning of the April term, 1876, as that particular term did begin, under the ordinance of the convention, to wit: April 18, 1876.

[Appellee's brief objects to a consideration of the assignment of error for making the executor of W. A. Miller a party, on the ground that no exception was taken to the action of the court below in this regard. In this he is mistaken; the record (p. 41) shows that the exception was saved.]

GOULD, ASSOCIATE JUSTICE.— J. Z. Miller and J. D. Allen, suing as surviving partners of the banking partnership styled Miller Bros., filed their petition on March 2, 1876, seeking to recover judgment against Josiah Watson on his promissory note to the firm, and claiming also an equitable lien on a tract of land to secure said note.

By a supplemental petition filed the same day, they asked that Watson " be cited to appear at the April term, A. D. 1876, of the district court of Bell county, which begins on the third Tuesday of said month." The validity of a citation issued in accordance with this prayer is the question which first presents itself for our determination.

Under the law then in force, the next term of the district court for Bell county commenced on the first Monday in May. In anticipation of the adoption by popular vote on the third Tuesday in February, 1876, of the present constitution, an ordinance had been passed by the convention dividing the state into judicial districts, and another fixing the terms of the district courts, under which, after the constitution took effect, on the third Tuesday in April, 1876, the district court for Bell county was to be holden on the first Mondays in April and October, and might continue in session four weeks. Section 28 of this ordinance recites: "That in case where the time has partly elapsed for holding any term of the district court as herein prescribed, at the time of the qualification of the district judge of said district, then said judge shall proceed to hold said court for the remainder of said term." Under this ordinance, the district judge of the fourteenth district having qualified on April 28th, was authorized to hold a court in Bell county for the remainder of four weeks, counting from the first Monday in April. But if the constitution was rejected by the people, the ordinance dividing the state into judicial districts was thereafter to be of no force or effect, ·and of course the ordinance fixing the terms of courts for the new districts was necessarily, also, dependent on the adoption of the constitution. Although the phraseology of the first ordinance is peculiar, we think it was not designed to take effect for any other purposes than those connected with the election, until the ratification of the constitution had been officially ascertained and made known by the governor's proclamation;

and that it was not the design then to interfere with the courts, or with the times of holding courts, under existing laws, until the new constitution actually took effect.

The new judiciary system could only take effect with the new constitution, and the courts under the former constitution were left to continue their work until relieved at that time. On the 2d of March, when this petition was filed, there was no law authorizing the district clerk of Bell county to issue citation returnable at any other than the regular time, according to the law then in force, viz., the first Monday in May. A citation issued by him returnable on the third Tuesday of April (April 18) was without authority of law, and it was error in the court to overrule the motion of defendant Watson to quash the citation, summoning him to answer at that time. There is nothing in section 27 of the ordinance curing this error; and as it must lead to a reversal of the judgment, we will pretermit other questions, except one which is fairly presented, and the determination of which seems to us important, looking to another trial.

By an amended petition, J. Z. Miller, who was already suing as surviving partner, asked to be made a party as executor of the will of W. A. Miller, his deceased partner, and over the objection of defendant he was allowed to intervene in that capacity. The point was duly reserved by bill of exceptions. No facts were alleged showing that any reason existed why the estate of W. A. Miller should be represented. The surviving partners were legally entitled to collect debts due the partnership, so as to wind up the partnership affairs. They were the proper parties to sue. Collyer on Partnership, sec. 666; Dicey on Parties to Actions, rule 24, p. [162] 182. We do not think the intervention of the executor should have been allowed without some sufficient reason appearing therefor. It was not at the mere option of J. Z. Miller to be made a party as executor. The suit

was properly brought by the surviving partners, and joinder of the executor of the deceased partner's estate was apparently wholly uncalled for, and, being objected to, should not have been allowed.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 24, 1881.]