QUEIROLI et al. v. SIMON & DUNLAP.
(No. 6072.)

(Court of Civil Appeals of Texas. San Antonio.
Oct. 23, 1918.)

JUDGMENT ☞106(2)—DEFAULT—CHANGE OF TERM OF COURT—JURISDICTION.

Although defendants were cited to appear November 19th, court had jurisdiction, no answer having been filed, to render default judgment October 13th, in view of Acts 35th Leg. c. 91, § 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 30), changing term of court so that it began October 8th instead of November 19th, and making all process theretofore issued returnable to term of court therein fixed.

Error from District Court, Webb County; J. F. Mullally, Judge.

Suit by George W. Simon and another, partners under the firm name of Simon & Dunlap, against Joe Queiroli and another. Defendants' motion to set aside default judgment denied, and they bring error. Judgment affirmed.

Mann & Henry, of Laredo, for plaintiffs in error. George P. Brown, of Mission, for defendants in error.

SWEARINGEN, J. George W. Simon and William S. Dunlap partners in the firm of Simon & Dunlap sued Joe Queiroli and F. L. Gregory individually and as partners doing business as Gregory-Queiroli Company for damages for breach of a contract whereby defendants sold Simon and Dunlap 10 carloads of onions. The suit was filed May 22, 1917. Citation was issued and served upon both Gregory and Queiroli on May 22, 1917, commanding them to appear and answer in the suit at the next term of court, which was November 19, 1917, as the law stood at the time the process was issued and served. Subsequent to the service of process, namely, on the 1st day of August, 1917, the act of the Legislature became effective which changed the beginning of the term of the district court in Webb county from November 19th to the fifth Monday after the first Monday in September, which fell on October 8, 1917. The legislative act making this change in the beginning of the term also contained the following clause:

─────────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"That all process * * * issued, served * * * prior to the taking effect of this act, and returnable to the terms of said court, as heretofore fixed by law, in the several counties composing said district, are hereby made returnable to the terms of said court in the several counties, as fixed by this act, and all process heretofore returnable, * * * shall be valid and binding as if no change had been made by this act in the times of holding said terms of court." Gen. Laws 35th Leg. p. 247, § 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 30).

Accordingly the district court convened in Webb county on October 8, 1917, and thereafter, on October 13, 1917, no answer or appearance or waiver having been made by either of the defendants, judgment by default was rendered against the defendants, and the damages assessed at $3,825 for which amount judgment was entered.

On November 27, 1917, Joe Queiroli, Mrs. Lillian Gregory, Fendall Littlepage Gregory, Jr., and Judith Gregory filed a motion to set aside the default judgment, and therein averred that F. L. Gregory, on the 21st day of November, 1917, after the rendition of the default judgment, had died intestate, and that the widow and children were the only heirs of F. L. Gregory.

Plaintiffs' general demurrer to the motion to vacate was sustained by the trial court, and, defendants declining to amend, the court dismissed the motion.

The first question presented by the foregoing narrative of facts is whether or not the trial court obtained jurisdiction over the persons of Joe Queiroli and F. L. Gregory on October 13th to render the default judgment, since the citation stated the date for appearance and answer to be November 19, 1917. We are of the opinion that the act of the Legislature which changed the terms of the court sufficiently notified the defendants to appear and answer at the earlier date, and that they were bound by that law to answer, and, not having done so, the court was authorized to render the judgment. The case of Bagley v. Spruill, 1 Posey, Unrep. Cas. 277, relied upon by plaintiffs in error, announces the law in similar cases where the Legislature omitted that portion of the act quoted above, which directed that process issued and served prior to the passage of the law should be returnable to the changed date as though no change had been made in the term of court. The legislative act involved in the Bagley-Spruill Case contained no clause referring to process. The court did have jurisdiction.

The only questions remaining for us to consider are: Did defendants show a sufficient excuse for the failure to file an answer by October 13, 1917, and did they plead such a meritorious defense as would require the trial court to vacate the default judgment? The facts and pleadings presented that concern these two questions are precisely the same as those fully stated in the opinion disposing of the case of Joe Queiroli et al. v. H.

R. Whitesides, 206 S. W. 122, to-day rendered by this court, and, as therein held, we hold that there was sufficient excuse for the delay, but that the motion failed to present a meritorious defense, and we cannot say that the trial court abused its discretion.

The judgment is affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes