SCHLEICHER et al. v. SCHMEDT.
(No. 6126.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 5, 1919.)

1. PROCESS ⬥⟹155 — CITATION — DEFECT IN COPY—MOTION TO QUASH.

There being no defect in original citation to defendant, if he wished to take advantage of defect in copy, it should have been done by motion to quash supported by proof, and not by exception.

2. PROCESS ⬥⟹49 — CITATION — COMPLYING WITH STATUTE.

Gen. Laws 1917, c. 91, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 30), did not take effect until August, 1917, and citation issued on May 14, 1917, commanding defendants to appear on the second Monday after the first Monday in September, as provided by said section, was void; the term of court in San Patricio county fixed by law then in force being on the sixth Monday after the first Monday in September.

3. APPEARANCE ⬥⟹19(3) — QUESTIONING JURISDICTION—JURISDICTION OF PERSON.

The court does not acquire jurisdiction over the person of a defendant by his appearance for the purpose alone of questioning the jurisdiction.

4. APPEAL AND ERROR ⬥⟹1173(5)—JOINT DEFENDANTS—REVERSAL AS TO ONE.

Judgment, being one canceling a lien and note held jointly by defendants, should be reversed as to both, where there was no valid citation or appearance giving jurisdiction of one defendant, and assignment that it should be held that the other defendant entered an appearance is immaterial.

Error from District Court, San Patricio County; F. G. Chambliss, Judge.

Suit by Henry Schmedt against George J. Schleicher and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

G. E. Pope, of Goliad, and Jones & Childers, of Sinton, for plaintiffs in error.

Beasley & Beasley, of Beeville, for defendant in error.

MOURSUND, J. This is a suit by defendant in error to recover a certain sum claimed to have been overpaid on certain purchase-money notes and to cancel two certain promissory notes and the vendor's lien held by plaintiffs in error. The suit was filed May 14, 1917, and on May 18, 1917, citations were issued which commanded plaintiffs in error to appear on the second Monday after the first Monday in September, 1917. The citations were served respectively on May 24, 1917, and May 26, 1917. On September 14, 1917, plaintiff in error Geo. J. Schleicher filed an exception to the citation to him, alleging that said citation commanded his appearance on the third Monday after the first Monday in September, 1917, same being the 17th day of September, 1917, and that such citation was therefore ambiguous and duplicitous, and failed to comply with the statute which requires the citation to state the time and place of holding court.

On the same day plaintiff in error Lee Joseph filed an instrument which recites that he appeared only for the purpose of filing a special exception, pointing out a defect in the citation to his codefendant, which alleged defect was described just as it was in his codefendant's exception. He averred that his codefendant was a necessary party to the cause of action as stated in plaintiff's petition, and that he could not have his rights adjudicated without having such codefendant in the case. He closes his exception with the statement, "and of this he prays judgment of the court."

The court overruled such exceptions, and on October 23, 1917, entered a judgment on the merits in favor of defendant in error, in which he recited that the defendants appeared by special exceptions to the citations and failed to answer and otherwise failed to appear.

[1] There is no merit in the assignments complaining of the overruling of the exceptions. There was no defect in the original citation to Schleicher, and if he wished to take advantage of a defect in the copy, it should have been done by motion to quash, supported by proof.

[2] A more serious question is raised, however, by plaintiff in error's third assignment of error.

At the time the citations were issued the term of court was fixed by law to begin in San Patricio county on the sixth Monday after the first Monday in September, but on March 20, 1917, an act was approved changing the time for holding such court to the second Monday after the first Monday in September. Such act provides in section 5 "that this act take effect and be in force from and after the first day of August, A. D. 1917." Chapter 91, General Laws 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 30). At the time the clerk issued the citation said

act changing the time for holding court had not taken effect, and therefore was without vitality, and could not be any guide to the clerk in the performance of this statutory duty to state in the citations the time of holding the next term of court. M., K. & T. Ry. Co. v. State, 100 Tex. 420, 100 S. W. 766; Halbert v. San Saba Springs Land Ass'n, 89 Tex. 230, 34 S. W. 639, 49 L. R. A. 193. It was his duty to observe the law then in force in writing the citation. In the case of Watson v. Miller, 55 Tex. 289, it was held that a citation which was returnable on the third Tuesday of April was defective, although the court actually convened at that time under ordinances adopted by the constitutional convention which had gone into effect prior to such date, but which had not become effective at the time the clerk issued the citation. The language of the court is applicable in this case, as follows:

"On the second of March, when this petition was filed, there was no law authorizing the district clerk of Bell county to issue citation returnable at any other than the regular term, according to the law then in force, viz. the first Monday in May. A citation issued by him returnable on the third Tuesday of April was without authority of law."

This court has recently held that a citation returnable to the term fixed by the law in force at the time of its issuance is valid, and that the clause of an act changing the term of court which provides that all process returnable to the term theretofore fixed by law should be returnable to the new term had the effect of making the citation returnable to the new term. Queiroli v. Simon & Dunlap, 206 S. W. 123; Queiroli v. Whitesides, 206 S. W. 122. The act under consideration in this case contains a similar clause, but none purporting to validate process invalid at the time of its issuance because it stated a time for holding court not fixed by any law then in force.

The citation issued in this case was a nullity, and the default judgment cannot be sustained. In addition to the case quoted from we cite in support of our conclusion Neill v. Brown, 11 Tex. 17; Covington v. Burleson, 28 Tex. 368; Cave v. City of Houston, 65 Tex. 619; Pruitt v. State, 92 Tex. 434, 49 S. W. 366. These cases, while not directly on the point at issue, show the strictness with which the statutory requirements relating to citations must be complied with.

[3] Appellee contends that the filing of the exceptions constituted an appearance, provided such exceptions were properly overruled; in other words, that the failure to point out a defect constitutes a waiver thereof. This would be a good rule, but, there being no statute which so provides, we believe it must be held that the court does not acquire jurisdiction over the person of a defendant by his appearance for the purpose alone of questioning the jurisdiction. He must either enter an appearance for some other purpose or be cited as provided by law.

[4] It is further contended that, as the appearance of Lee Joseph was for the purpose of questioning its jurisdiction, not as to himself, but as to his codefendant, it should at least be held that he entered an appearance. We are inclined to the belief that the contention should be sustained, but regard this as immaterial, for the reason that, as the judgment is one canceling a lien and note held jointly by plaintiffs in error, we conclude that it should be reversed as to both of them. Of course, it is unnecessary to further cite either of them, as the statute provides that appearance for the purpose of questioning jurisdiction shall operate as an appearance for all purposes for the next term of court.

The judgment is reversed, and the cause remanded.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes