BURGE v. BROUSSARD et al.    (No. 999.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 1, 1924. Rehearing Denied Feb. 6, 1924.)

1. **Judgment** ⟺871—**Action held one of debt, and not scire facias proceeding, relative to court in which brought.**

Action on judgment by transferee thereof *held*, in view of petition, notwithstanding the word "revived" in judgment rendered thereon, one of debt, permitted by Rev. St. art. 5696, which need not, like a scire facias proceeding to revive judgment, be in the court that rendered the original judgment.

2. **Judgment** ⟺871—**Judgment not void because of unnecessary joining of deceased partner as plaintiff.**

Judgment in action on a judgment, transferred to B., "trustee," for a partnership, is not void because of a deceased member of the firm being named as plaintiff, and judgment being for him, as well as the others; the trustee, in whom was legal title, being the only necessary plaintiff, and surviving partners having right, without being joined by personal representative of deceased partner, to sue on judgment belonging to partnership.

3. **Judgment** ⟺871—**Judgment unaffected by nonjoinder of husbands of unnecessary plaintiffs.**

Heirs of a deceased partner not being necessary parties to action on judgment transferred to a trustee for the partnership, there being no controversy between them and the trustee or surviving partners, making them plaintiffs without joining their husbands did not invalidate the judgment for plaintiffs.

4. **Husband and wife** ⟺230—**Failure to join husbands of married women plaintiffs to be raised by plea in abatement.**

Facts making married women plaintiffs necessary parties not appearing from the petition, failure of their husbands to join in the suit could be taken advantage of only by plea in abatement, to be verified by affidavit under Rev. St. art. 1906.

5. **Judgment** ⟺463—**No issue of procurement by fraud made by evidence.**

No issue of judgment being procured by fraud, because of one of the plaintiffs named being dead, and husbands of others not being joined, is made for the jury; nothing indicating such joinder and nonjoinder was to mislead or deceive, and there being no possible motive for such an intention.

6. **Judgment** ⟺456(2)—**In absence of excuse, attack for fraud after four years barred.**

Plaintiff attacking a judgment seven years after its rendition, his attempted attack for fraud is barred by the pleaded four years' statute of limitations; he pleading or showing nothing to excuse his failure to attack it within the limitation period.

7. **Corporations** ⟺384—**Transfer of judgment need not be under seal.**

Transfer of judgment by a corporation, purporting to be executed by it, acting by its president and secretary, under resolution duly passed by board of directors, need not be under the corporation's seal; neither Rev. St. art. 1173, requiring the seal on deeds or other conveyances of land by the corporation to be under its seal, nor any other statute, requiring it.

8. **Judgment** ⟺840—**Transfer becomes court record on filing and notation in margin of proper minutes.**

Transfer of a judgment became a court record by being filed with the papers in the suit in which it was rendered, and noted on the margin of the proper minutes, as provided and required by Rev. St. art. 6833.

9. **Evidence** ⟺340(1)—**Certified copy of transfer of judgment, which has become court record, admissible.**

Transfer of judgment having become a court record by proper filing and notation on margin of minutes, as required by Rev. St. art. 6833, a properly certified copy of it is admissible under article 3694.

10. **Trial** ⟺39—**Filing in case before trial not necessary for admission of certified copy of transfer of judgment.**

A certified copy of a transfer of a judgment of the district court, which has become a

court record by compliance with Rev. St. art. 6833, to be admissible, need not be filed among the papers of the case three days before trial and notice given the adverse party; article 3700 having reference to such instruments only as are permitted or required to be recorded in the county clerk's office.

**11. Appeal and error ⊚⟾1052(2)—Admission of instrument held harmless, in view of oral testimony.**

Any error in admitting a certified copy of a transfer of judgment was harmless; the transferee testifying, without objection, to purchasing the judgment.

**12. Evidence ⊚⟾331—State statute held not intended to provide an exclusive method of proof of statute of another state so as to exclude act authenticated by secretary of state.**

Rev. St. art. 3692, declaring the printed statute books of any state, purporting to have been printed under its authority, admissible as evidence of the acts therein, *held* not intended to make that the exclusive mode of proof of statutory laws of another state so as to exclude act authenticated by the secretary of state of the foreign state, especially in view of Const. U. S. art. 4, § 1, and Rev. St. U. S. § 905 (U. S. Comp. St. § 1519).

**13. Evidence ⊚⟾331—Certificate of California secretary of state as to law held not a mere conclusion.**

The certificate of the secretary of state of California to the copy of two sections of the Code of Civil Procedure of that state *held* to make it clear that all the California statutes pertaining to the period of limitation for bringing action on a judgment are shown, and not to be a mere conclusion of such officer.

**14. Statutes ⊚⟾281—Pleading of statute law of another state need be only in general terms.**

Pleading that, according to the California law, a judgment more than five years old cannot be sued on in that state, or at least that such a judgment would be barred by the law of limitations of that state, is sufficient as a plea of the California law; being only required to be in general terms, especially in the absence of exception.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by R. T. Burge against J. E. Broussard and others. From an adverse judgment, plaintiff appeals. Affirmed.

O'Brien & Shaw, of Beaumont, for appellant.

Sol E. Gordon, A. D. Lipscomb, and Samuel C. Lipscomb, all of Beaumont, for appellees.

HIGHTOWER, C. J. This was a suit filed by the appellant, R. T. Burge, in the Fifty-Eighth judicial district court (Jefferson county) on October 13, 1921, to cancel a certain judgment rendered in that court in favor of some of the appellees against appellant on October 1, 1914, for $26,700, with interest on that

amount from the date of the judgment until paid, at the rate of 6 per cent. per annum. In appellant's petition, numerous attacks were made upon the judgment; the most material and vital ones being, in substance, as follows:

(1) That the judgment attacked was void because it was rendered in a scire facias proceeding in the Fifty-Eighth district court of Jefferson county to revive a judgment that had been rendered in the Sixtieth district court of Jefferson county against appellant in favor of the Port Arthur Rice Milling Company on September 16, 1907, and which appellees claimed had been transferred to them; it being appellant's contention in this connection that the Fifty-Eighth district court of Jefferson county was without jurisdiction to revive by scire facias a judgment that had been rendered in another and different district court, and that therefore the judgment rendered by the Fifty-Eighth district court in such scire facias proceeding was utterly and wholly void.

(2) That one of the plaintiffs, L. Hamshire, named in the petition in the suit in which the attacked judgment was rendered, was dead at the time the suit was filed, and at the time the judgment therein was rendered, and that this fact made the judgment in that suit null and void.

(3) That two of the plaintiffs in the suit in which the attacked judgment was rendered were married women, and that they were not joined by their husbands, with whom they were then living, and that the judgment rendered in that suit was in their favor as married women, and that, not being joined by their husbands in the suit, such married women had no right to prosecute the same and have judgment in their favor, and that therefore said judgment was null and void.

(4) That the judgment attacked was procured by fraud perpetrated upon the court by the plaintiffs in that suit, in that they joined with them as a plaintiff L. Hamshire, who they knew was dead at the time, and also joined with them two married women, Mrs. Lena Broussard and Mrs. Eunice Arceneaux, without the joinder of their husbands, when said plaintiffs knew that the husbands of such married women were living, and that they ought to have been joined with their wives in said suit, and that such fraud practiced upon the court rendered the judgment in that suit void.

Appellant's prayer was that the judgment attacked be wholly canceled, set aside, and held for naught.

Appellees answered by general demurrer, many special exceptions, general denial, and by a plea of the four years' statute of limitation. Appellees then, by cross-action, set up, in substance, the recovery of the judgment against appellant of October 1, 1914, and further alleged, in substance, that appellant

⊚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had no property in Texas subject to execution sufficient to discharge and satisfy the judgment against him, but that appellees were informed and believed that appellant owned property in the state of California of great value, and that a judgment against him in this suit might be satisfied out of his property in California, by proper proceedings against him in that state. Appellees then alleged that under the statutory law of California a judgment more than five years old could not be sued on in the courts of that state, and that, unless they were permitted in this suit to recover anew upon their debt against appellant, as evidenced by the judgment of October 1, 1914, they would have no way of obtaining satisfaction of same against appellant, and prayed that they be given judgment against appellant for the amount of their debt, as evidenced by their judgment of October 1, 1914, with interest from that date at the rate of 6 per cent. per annum.

Appellant replied by supplemental petition to the cross-action filed by appellees, interposing a general demurrer, some special exceptions, and a general denial, and prayed for cancellation of the 1914 judgment, as in his original petition.

A jury was taken in the case, but at the conclusion of the evidence the trial court instructed a verdict against appellant as to his cause of action, and in favor of appellees on their cross-action. After his motion for a new trial was overruled, appellant prosecuted an appeal to this court, and has presented in his brief numerous assignments of error, some of which are followed by propositions germane to the assignments, but others are not.

We think, in view of the nature of the assignments presented by appellant, some of which raise the same legal question in different form, they may be disposed of without taking them in their numerical order, and we shall so treat them. The contentions made by appellant by his several assignments relative to his cause of action may be summarized as follows:

(1) That the judgment of October 1, 1914, in the Fifty-Eighth district court of Jefferson county, and which is attacked by this suit, was wholly void, because that court was without jurisdiction to render it; that proceeding being merely a scire facias proceeding to revive a dormant judgment, and that such proceeding could only be prosecuted and revival had in the district court of the Sixtieth judicial district, where the dormant judgment sought to be revived was rendered.

(2) Because it was shown, without dispute, that L. Hamshire, one of the members of a concern known as the Beaumont Rice Mills, a copartnership, was dead at the time the judgment attacked was rendered in his favor, and that this fact rendered the judgment absolutely void.

(3) Because two of the plaintiffs in the suit in which the attacked judgment was rendered, Mrs. Lena Broussard and Mrs. Eunice Arceneaux, were married women, and were not joined by their husbands, and that therefore the judgment in that suit was void.

(4) Because the judgment of 1914 was obtained by fraud perpetrated upon the court, in that L. Hamshire, one of the plaintiffs named in the petition in that suit, was represented as being a living person, whereas, in fact, he was dead at the time the suit was filed and at the time the judgment was rendered, and also because a fraud was perpetrated upon the court, in that the two married women, as plaintiffs in that suit, could not sue and obtain judgment without the joinder of their husbands, and that the act of plaintiffs in that suit in making said married women plaintiffs without the joinder of their husbands, and taking judgment in their favor with a knowledge of the fact that said married women were not separated from their husbands, constituted such a fraud upon the court as rendered the judgment of 1914 void.

Before proceeding to dispose of appellant's contentions relating to his cause of action, as we have just stated them in substance, we will state the undisputed facts upon which this controversy arose. The concern known as the Beaumont Rice Mills was a copartnership, of which J. E. Broussard, L. Hamshire, and some nine others constituted the members. By consent of all members of this partnership, J. E. Broussard was made the managing head and directed the business and affairs of the partnership. On September 16, 1907, the Port Arthur Rice Milling Company, a private corporation, obtained a judgment in the Sixtieth district court of Jefferson county against the appellant here, R. T. Burge, for $17,448.81, with interest on that amount from date of the judgment at the rate of 8 per cent. per annum until paid. On January 19, 1914, the Port Arthur Rice Milling Company, acting by its president, whose action was attested by the corporation's secretary, under resolution of the corporation's board of directors, by written transfer, for the recited consideration of $10,000, transferred said judgment against Burge to "J. E. Broussard, trustee for Beaumont Rice Mills." At the time of such transfer of judgment, the same was dormant, for the reason that no execution upon the same had issued since its rendition. On May 8, 1914, the Beaumont Rice Mills and all the surviving members of that partnership, including J. E. Broussard, as plaintiffs, filed suit in the Fifty-Eighth district court of Jefferson county against the appellant here, R. T. Burge, based upon the judgment which had been transferred to "J. E. Broussard, trustee for Beaumont Rice Mills" by the Port Arthur Rice Milling Company. In addition to the

Beaumont Rice Mills and the surviving members of that copartnership named as plaintiffs in that suit, the two married women, Mrs. Lena Broussard and Mrs. Eunice Arceneaux, were made plaintiffs, and they were not joined by their husbands in the suit. The plaintiffs in that suit alleged, in substance, that the residence of R. T. Burge was unknown to them, but that they were informed that he was then in Galveston county, Tex., and that citation in the suit might be served upon him in that county. They further alleged the fact of the transfer of judgment from the Port Arthur Rice Milling Company to "J. E. Broussard, trustee for the Beaumont Rice Mills," and alleged that the judgment had become dormant, but that no part of it had ever been paid, and that the same constituted a just and valid obligation in their favor against Burge, and prayed for the principal amount of the judgment as rendered in favor of the Port Arthur Rice Milling Company, and all interest that had accrued thereon. Citation in that suit was duly issued to Burge in Galveston county, Tex., on May 9, 1914, and on May 12th following he was served with citation in that suit in Galveston county, Tex., together with a certified copy of the plaintiffs' petition in the suit, and due return made by the sheriff of Galveston county showing such service. Burge did not answer in that suit, and judgment was rendered in favor of plaintiffs against him for the sum of $26,700, that being the amount of the plaintiffs' debt against him, with accrued interest, as provided by the judgment transferred to the plaintiffs by the Port Arthur Rice Milling Company, and that is the judgment attacked by the appellant in this suit, which was filed more than seven years after the judgment was rendered.

[1] As to appellant's first contention, as we have hereinabove specified it, we have reached the conclusion that the 1914 suit in the Fifty-Eighth district court of Jefferson county was not merely a scire facias proceeding by the plaintiffs named therein to revive the judgment of September 16, 1907, which had been transferred by the Port Arthur Rice Milling Company, and which had been rendered in the Sixtieth district court and transferred to "J. E. Broussard, trustee for Beaumont Rice Mills," but that it was a new and plenary suit, based upon the transferred judgment, under article 5696, Revised Statutes. That article reads as follows:

"A judgment in any court of record within this state, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or *an action of debt brought thereon* [italics ours] within ten years after the date of such judgment, and not after."

It seems clear to our minds that the petition of plaintiffs in the 1914 suit presented an action of debt, based upon the judgment which had been transferred by the Port Arthur Rice Milling Company, the principal of which, together with accrued interest, was fully stated in the petition and sought to be recovered against appellant by that suit, and the action was not one merely in the nature of a scire facias proceeding. The suit took an entirely new number in the Fifty-Eighth district court from that of the original suit in the Sixtieth, and the plaintiffs thereby sought, not to have execution issued upon the former judgment held by them, but sought and prayed recovery for the full amount of their debt, principal and interest, as evidenced by the former judgment, and, of course, prayed for execution for its satisfaction. The object of a strictly scire facias proceeding, which is usually commenced by motion or writ, is merely for the purpose of obtaining execution upon the judgment as ' rendered, and, of course, under the law, such a proceeding must be had in the same court rendering the judgment sought to be revived, but the plaintiffs in the 1914 suit, the judgment in which is here in question, sought more than this, as clearly shown by their petition, and under the article of the statute quoted, they were authorized to file the suit in any court having jurisdiction of the subject-matter and person of the defendant in that suit. It is true the judgment in that suit recites, in substance, that the judgment in favor of the Port Arthur Rice Milling Company is "revived" and that the judgment shall take the place of and be instead of the former judgment, but it is clear from the provisions of the judgment as a whole that it is a new and independent judgment had in the new and independent suit upon a cause of action for debt, under the article of the statute quoted. No useful purpose would be served by here copying the petition in that suit in this opinion. The Fifty-Eighth district court of Jefferson county, upon the undisputed facts in this case, clearly had jurisdiction to render the judgment here attacked, and this contention of appellant is overruled.

[2] Nor can we sustain appellant's contention that the judgment of October 1, 1914, was void, because L. Hamshire, one of the members of the copartnership, Beaumont Rice Mills, was dead when that judgment was rendered and when the suit was filed. We reached this conclusion for two reasons: In the first place, L. Hamshire was not a necessary party to that suit had he been living at the time. The written transfer of the judgment of 1907 from the Port Arthur Rice Milling Company to "J. E. Broussard, trustee," put the legal title to that judgment in Broussard, and he held it as trustee for the members of the Beaumont Rice Mills, and therefore Broussard was the only necessary party plaintiff in the 1914 suit, in

which judgment was rendered for him, as trustee for the Beaumont Rice Mills. Furthermore, the undisputed facts show that all the surviving partners of the Beaumont Rice Mills were parties plaintiff in the 1914 suit, and the judgment was in their favor as such, and they, as such surviving partners, had the legal right to sue upon the judgment of 1907, which belonged to the partnership, and to collect it, without being joined by the administrator or other legal representative of L. Hamshire, deceased, or any of his heirs, under the facts of this case. Watson v. Miller, 55 Tex. 289, and authorities therein cited. Therefore the fact that L. Hamshire was dead, but named in the petition as a living partner and plaintiff, did not render the judgment in the 1914 suit void, as claimed by appellant. That the judgment was irregular may be conceded, but that it was not void we feel certain. Watt v. Brookover, 35 W. Va. 323, 13 S. E. 1007, 29 Am. St. Rep. 811; Lovelady v. Bennett (Tex. Civ. App.) 30 S. W. 1124; Billingslea v. Smith, 77 Md. 504, 26 Atl. 1077; Powell v. Washington, 15 Ala. 803. We have examined all authorities cited in appellant's brief on this point, and have reached the conclusion that none of them sustain his contention that the judgment of 1914 was void because L. Hamshire, a deceased member of the Beaumont Rice Mills, was named as one of the plaintiffs in that suit and judgment rendered in his favor as such plaintiff. In most of the cases cited by appellant on this point, the sole plaintiff or sole defendant was dead at the date of the judgment or commencement of the suit, and the question here under consideration was not there involved.

[3, 4] Nor can we sustain appellant's contention that the 1914 judgment was void because it was in favor of the two married women, Mrs. Lena Broussard and Mrs. Eunice Arceneaux, who were not joined in the suit by their husbands. These married women were not necessary parties to the suit, there being no controversy between them and the other plaintiffs, who were proper parties, that is to say, Broussard, as trustee for the Beaumont Rice Mills, and all the surviving members of that copartnership, and this is so, notwithstanding the fact that these married women were heirs of L. Hamshire, deceased. If these married women were not necessary parties, their husbands were not, and the failure of the husbands to join in the suit did not have the effect to render the judgment void. But if the facts of the case had been such as to make these married women necessary parties plaintiff, such facts not appearing from the petition, the failure of their husbands to join them in the suit could only have been taken advantage of by a timely plea in abatement, and, this not having been inter-

posed, the judgment in their favor was not void. Article 1906, Revised Statutes; Hamlett v. Coates (Tex. Civ. App.) 182 S. W. 1147; Focke v. Sterling, 18 Tex. Civ. App. 8, 44 S. W. 612; Caldwell v. Brown, 43 Tex. 216; 30 C. J. 951; Davis v. Davis (Tex. Civ. App.) 186 S. W. 778.

[5] Appellant's contention that the judgment of 1914 was shown to have been procured by fraud, and therefore void, because of the fact that one of the parties to it, L. Hamshire, was dead, and the two married women appeared as plaintiffs without being joined by their husbands, must be overruled. There is nothing in this record to indicate that the name of L. Hamshire as a plaintiff in that suit or the inclusion of the two married women without the joinder of their husbands was done to mislead or deceive the court or appellant or any one else, and there could have been no possible motive for any such intention; and the only reasonable explanation of this matter, according to the undisputed facts in this record, is that it was an oversight or lack of knowledge of the facts on the part of the attorneys who drew the petition in that suit. Therefore the court was not in error in refusing to submit such claimed fraud to the jury.

[6] If, however, we are mistaken in the view that there was no such issue of fraud that could have gone to the jury, still it must be held that there was no error in refusing to submit such issue, because that issue was cut off by the plea of four years' limitation on the part of appellees, which was sustained by the undisputed evidence. If there was such fraud as claimed by appellant, it could not have the effect to render the judgment absolutely void, but, at the most, only voidable, and the judgment not having been attacked until more than seven years after its rendition, such attack was clearly barred by the statute of limitation of four years, which was properly pleaded by the appellees against such attack. There was nothing pleaded by appellant, and nothing proved, to excuse his failure to attack the judgment on the ground of fraud within the limitation period, and his attempt to do so by this suit was clearly barred.

While we have not discussed appellant's assignments of error seriatim, what we have thus far said has the effect to dispose of them all, as well as all propositions under them which have any support in his assignments relative to his cause of action, and they are all overruled.

[7] We shall now dispose of appellant's assignments relating to the judgment of the court in favor of appellees on their cross-action. By the first of these assignments, appellant complains that the trial court was in error in permitting appellees to introduce in evidence the written transfer of judgment in favor of the Port Arthur Rice Mill-

ing Company to "J. E. Broussard, trustee for Beaumont Rice Mills," the appellant's objection to the instrument being that it did not bear the seal of the Port Arthur Rice Milling Company, a corporation. This instrument, as we have stated, purports to have been executed by the Port Arthur Rice Milling Company, acting by its president and its secretary, under resolution duly passed by the corporation's directors, and was therefore admissible over the objection made. Article 1173, Revised Statutes, does not require such an instrument as this to be under seal of the corporation, but only requires the seal on such instruments as deeds or other conveyances of land by the corporation. If there is any other statute of this state that requires such an instrument as the one here in question to be under seal of the corporation, it has not been called to our attention, and we have found none, and the assignment is overruled.

[8-11] After the transfer of the judgment in favor of the Port Arthur Rice Milling Company against Burge to "J. E. Broussard, trustee for Beaumont Rice Mills," it was filed with the papers in that suit, and such transfer noted upon the margin of the proper minutes, as provided and required by article 6833, Revised Statutes. When this transfer of the judgment was so filed, as authorized by the statute, it became a court record. Upon the trial of this case, appellees were permitted, over appellant's objection, to introduce in evidence a copy of this transfer of judgment, duly certified by the clerk of the court. The first objection was that the transfer of the judgment could not be proved by this certified copy, but only by introducing the original transfer itself. This objection was properly overruled. The transfer of judgment having become a court record, a properly certified copy of it was admissible under article 3694, Revised Statutes. The only other objection to this certified copy was that it was not filed among the papers in this case three days before the trial and notice of the filing given to appellant. On this point, appellant contends that such filing and notice was required by article 3700, Revised Statutes. We must overrule this contention, for the reason that article 3700 has reference to such instruments only as are permitted or required to be recorded in the office of the county clerk. But, if we be mistaken in the view that the certified copy of the transfer of the judgment was not admissible over the objections urged, still the action of the court is not reversible error, for the reason that J. E. Broussard testified, on the witness stand, to his purchase of the judgment from the Port Arthur Rice Milling Company, and his testimony was not objected to by appellant, and is shown in the statement of facts in this case.

This disposes of the second and third assignments relative to the judgment on the cross-action.

Upon the trial of this case, the appellees were permitted, over objections of appellant, to introduce in evidence a certificate of the secretary of state of the state of California, under the great seal of that state, showing the periods prescribed for the commencement of actions in that state, other than for the recovery of real property. This was offered by appellees as evidence in support of their pleading that a judgment more than five years old could not be made the basis of a cause of action in the courts of California. The certificate introduced is here copied in full:

"State of California, Department of State.

"I, Frank C. Jordan, secretary of the state of California, do hereby certify that I have carefully compared the annexed copy of sections 335 and 336 of the Code of Civil Procedure of the state of California now in full force and effect with the originals now on file in my office, and that the same is a correct transcript therefrom, and of the whole thereof. I further certify that this authentication is in due form and by the proper officer.

"In witness whereof, I have hereunto set my hand and have caused the great seal of the state of California to be affixed hereto this 30th day of October A. D. 1922.

"Frank C. Jordan, Secretary of State,

"[Seal.]          By Frank H. Cory, Deputy.

"Sec. 335. The periods prescribed for the commencement of actions other than for the recovery of real property are as follows:

"Section Thirty-One. Section three hundred and thirty-six of said Code is amended to read as follows:

"Section Three Hundred and Thirty-Six. Within five years: .

"One. An action upon a judgment or decree of any court of the United States or of any state within the United States;

"Two. An action for mesne profits of real property."

The objections to the introduction of this certificate were, in substance: (a) That the statutory law of the state of California could only be properly proven by introducing in evidence the statute book of that state, containing the law in question, duly authenticated by the certificate of the secretary of state of California under the great seal of that state; (b) that the certificate introduced was nothing more than the conclusion of the secretary of state of California as to what the law of that state is, relative to the point in question; and (c) that there was no pleading on the part of appellees as a basis for such proof.

[12] Taking up these objections in their order: Section 905, Revised Statutes of the United States (U. S. Comp. St. § 1519), provides: .

"The acts of the Legislature of any state or territory, or of any country subject to the jurisdiction of the United States, shall be au-

thenticated by having the seals of such state, territory, or country affixed thereto."

This act of Congress was passed under the provisions of article 4, § 1, of the federal Constitution, which provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

The statute of this state (article 3692), relative to the proof of the statutory law of another state, reads as follows:

"The printed statute books of this state, of the United States, of the District of Columbia, or of any state or territory of the United States, or of any foreign government purporting to have been printed under the authority thereof, shall be received as evidence of the acts and resolutions therein contained."

It is appellant's contention that under this Texas statute, the only way that the statutory laws of California could properly have been proved was to have introduced in evidence the statute book of the state of California, properly authenticated by the secretary of that state under the great seal of that state, and that a mere certificate, without the book, was not admissible under this Texas statute, and in this connection it is his further contention that the mode of proof prescribed by the Texas statute is exclusive. In support of his contention on this point, appellant cites in his brief the following cases: Vickers v. Faubion (Tex. Civ. App.) 224 S. W. 803; Martin v. Payne, 11 Tex. 292; Railway Co. v. Conrad (Tex. Civ. App.) 99 S. W. 209; Johnston v. Branch Banking Co. (Tex. Civ. App.) 143 S. W. 193; Railway v. Smythe, 55 Tex. Civ. App. 557, 119 S. W. 892; Railway Co. v. Ryan (Tex. Civ. App.) 214 S. W. 642. Upon first consideration of this assignment, we thought that appellant's contention should be sustained. Railway Co. v. Ryan Case, taken literally, does support appellant's contention. The opinion in that case was by the San Antonio court, speaking through Associate Justice Cobbs. It is clear, however, upon careful reading of that case, that the exact question here under consideration was not before the court in that case. In that case it appears that it was offered to prove by an expert lawyer, introduced as a witness upon the trial, the statutory law of another state, and the objection was made that the statutory law of another state could not be proved in a court in Texas in that way. The objection was sustained, and the action of the trial court in that connection was upheld by the San Antonio court, and in discussing the question, Judge Cobbs referred to article 3692 as being the only

mode of proof of the statutory law of another state when offered in a Texas court. The cases that Judge Cobbs cites in the opinion, after a very careful consideration by us, do not, in our opinion, support the view that our Texas statute provides the exclusive mode of proof of the laws of a sister state, and it is probable that Judge Cobbs did not intend to so hold; but, if he did, the holding was upon a point not before the court, and therefore can be no more than dictum, and notwithstanding the high regard this court has for all members of the San Antonio Court as jurists, we cannot consider the dictum in that case as authority in support of appellant's contention. We at first thought, when considering this matter, that Martin v. Payne sustained the view expressed by Judge Cobbs, but upon more careful consideration of that case we have reached the conclusion that Judge Hemphill did not intend to hold that the Texas statute was the exclusive mode of proof of the statutory laws of a sister state, and we do not consider that any of the authorities cited in Railway Co. v. Ryan sustain the proposition that the Texas statute is the exclusive mode of proof of the statutory law of another state. It seems to us that the act of Congress (section 905) requires nothing further to authenticate an act of a state Legislature than the certificate of the secretary of that state, under the seal of such state. This was, in effect, held by the Supreme Court of the United States in United States v. Armedy, 11 Wheaton, 392, and unless the Texas statute mentioned by us was intended to prescribe the exclusive mode of proof of the laws of a sister state, and can have that effect, notwithstanding the act of Congress, then the certificate offered in evidence in this case was properly admitted. We also think that, according to the opinions of our own Supreme Court, in Moseby v. Burrows, 52 Tex. 396, and Harvey v. Cummings, 68 Tex. 599, 5 S. W. 513, the certificate was admissible over this objection.

We have concluded that it was not intended by the Legislature of this state, in enacting article 3692, to make that statute the exclusive mode of proving the statutory law of another state, but that it was the intention of our Legislature to merely afford an additional means of making such proof. If, however, it was the intention of the Texas Legislature to make our statute the exclusive mode of proof, by compelling the introduction of the statute book itself of the sister state, accompanied by the certificate, etc., then the question would arise as to which statute would control, and, in view of the provisions of the federal Constitution conferring upon Congress the power to enact such legislation as would compel full faith and credit in each state to be given to the public acts, records, and judicial proceedings of every other state, we would be inclined to

hold that the act of Congress in passing section 905 above mentioned would prevail over the Texas statute. But, as we have stated, we do not think that it was the intention of the Legislature of this state to make the Texas statute the exclusive mode of proof. The objection of appellant on this point is therefore overruled.

[13] The next objection in this connection is that the certificate as offered is nothing more than the opinion or conclusion of the secretary of state of California as to the law of that state on the point here in question. We cannot agree with appellant in this contention, because the certificate copies the very articles of the California statute here in question, and states, in substance, that the articles copied are all the articles bearing upon the point. We have hereinabove quoted the certificate in full, which speaks for itself on this point. It is said by Mr. Wigmore, in his work on Evidence (1st Ed.) p. 2854, § 2109:

"The extent to which a copy must produce the terms depends on the issue and on the scope of the statute."

The author cites in support of the text Adle v. Sherwood, 3 Whart. (Pa.) 481. In that case, it is said:

"So much only of a statute as pertains to the matter in point need be inserted."

It is clear from the certificate of the secretary of state of California that all of the California statutes pertaining to the matter in controversy in this suit are shown by the certificate. The objection on this point is overruled.

[14] The last objection is that there was no basis in the pleading of the appellees for the introduction of this certificate. This we overrule, because it is clearly averred in the cross-action, in substance, that according to the California law, a judgment more than five years old cannot be sued on in the courts of that state, or, at least, such a judgment would be barred by the law of limitation of that state, and that allegation was sufficient as a plea of the California law. It has often been held that such a plea is only required to be in general terms, and, especially is this so, where there is no exception, general or special, directed to it. The contention is overruled.

This disposes of all contentions made by appellant, and it follows, from the views expressed, that they should be overruled, and the judgment affirmed. Therefore the order heretofore made by this court reversing and remanding this cause in part is here now set aside, and the judgment of the trial court is affirmed in toto.