## ERICKSON v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 10282.

Court of Civil Appeals of Texas. Galveston.

Oct. 15, 1936.

Samuel Schwartz, of Houston, for plaintiff in error.

Sewell, Taylor, Morris & Garwood, of Houston, for defendant in error.

GRAVES, Justice.

A motion to dismiss the writ of error herein for the lack of service of the citation emanating therefrom upon it, or upon any agent for it, made by the insurance association, has been taken for consideration with the cause itself; an examination of the record supporting the motion convinces this court that it should be sustained and the writ of error dismissed from the docket here, because it is made to satisfactorily appear to this court that no service of the citation in error was had upon the association, or upon any person in Harris county shown to be its agent in the meaning of the statute; the association's appearance here by the motion was expressly made for the sole purpose of moving to have the cause dismissed for the lack of such service, and is fully supported by the person upon whom the citation in error was served as its purported agent, to wit, Martha Dossman, the officer's return upon the citation being this:

"Received this writ on the 5th day of December, A.D. 1934, at 3:30 o'clock P. M., and executed the same in Houston, Harris County, Texas, on the 6th day of December, A. D. 1934, at 11:40 o'clock A. M., by summoning the Texas Employers' Insurance Association, a corporation, the within named defendant, by delivering to Martha Dossman, agent of the Texas Employers' Insurance Association, in person, a true copy of this writ."

In an affidavit attached to the motion to dismiss, the person thus served, Martha Dossman, under oath, not only states that she was not in any legal sense an agent for the association, but, further, that its local agent in Harris county, where the suit was pending, was B. J. Pittman, Jr., a resident of that county, the corporation itself being a resident of Dallas county and not of Harris county, she being a mere clerk in its service under its local agent, B. J. Pittman, Jr., in the city of Houston; this showing upon the facts is in nowise controverted by the plaintiff in error, hence must be taken by this court as true.

It has been held a number of times by our courts that they do not acquire

jurisdiction on the merits of the controversy over the person of a litigant by such appearance of his for the purpose alone of questioning the jurisdiction.

In 5 Texas Digest, Appearance, ██ ██ it is said: "The court does not acquire jurisdiction over the person of a defendant by his appearance for the purpose alone of questioning the jurisdiction. Schleicher v. Schmedt [Tex.Civ.App.] 209 S.W. 185." See, also, same volume, Appearance ██ and (3), together with cited cases of Creager v. P. F. Collier & Son Co. (D.C.) 36 F.(2d) 781, and De Witt v. Monroe & Bro., 20 Tex. 289.

██ None of the opposing considerations advanced by plaintiff in error are thought to undermine this conclusion; obviously, if the person thus alone served as the corporation's alleged agent was not in fact its agent, no jurisdiction of the appeal was thereby acquired against it, wherefore the motion to dismiss on that ground did not amount to a mere informality in the manner of bringing the case into the appellate court that had to be made within 30 days after the filing of the transcript there, but had to do with a structural defect that defeated the court's jurisdiction, hence was not waived by such a failure. Rules 8 and 9 for Courts of Civil Appeals.

The writ of error is accordingly stricken from the docket. 3 Tex.Juris. par. 253, p. 359, footnote 12, and cited authorities.

Stricken.